United States Court of Appeals,

Fifth Circuit.

No. 95-20955.

Bobby Lee LINDSEY, Plaintiff-Appellant,

v.

UNITED STATES RAILROAD RETIREMENT BOARD, et al., Defendants-Appellees.

Dec. 18, 1996.

Appeal from the United States District Court for the Southern District of Texas.

Before POLITZ, Chief Judge, and EMILIO M. GARZA and STEWART, Circuit Judges.

STEWART, Circuit Judge:

Bobby Lindsey, an inmate proceeding *pro se* and *in forma pauperis,* filed a complaint against the United States Railroad Retirement Board alleging that it violated his constitutional rights by denying him retirement benefits to which he was entitled. The district court dismissed the complaint for insufficient service of process. Lindsey appeals the dismissal. We vacate and remand.

FACTS AND PROCEEDINGS

On November 8, 1994, Lindsey filed a *pro se* and *in forma pauperis* (IFP) civil rights suit pursuant to 42 U.S.C. § 1983 against the United States Railroad Retirement Board (Board). Lindsey alleged that the Board denied him retirement benefits to which he was entitled. The cover letter accompanying the complaint and IFP application stated: "Please file the above *and serve citation to the address indicated therein ....* Please inform me of the date[ ] of filing *and the date which service is issued.*" (Emphasis added.) The complaint, on the line stating "Address for service," listed the address of the Board. No further addresses were provided.

On December 5, 1994, the district court authorized Lindsey to proceed *in forma pauperis.* However, the record does not reflect that service issued. On January 24, 1995, approximately 100 days after Lindsey filed his complaint, he moved the district court to appoint Jeffrey Chapin, an inmate, as a "special server of summon[s]" and to order the clerk of court to provide Lindsey with the proper summons form required by Fed.R.Civ.P. 4(a). The district court apparently did not rule

on Lindsey's motion. Nothing in the record contradicts Lindsey's assertion that the clerk of court did not provide him with the proper summons form.

Chapin then twice unsuccessfully attempted to serve the United States. After both attempts at service, an Assistant United States Attorney (AUSA) informed Lindsey by letter that service had not been properly effected in accordance with Fed.R.Civ.P. 4(i)(1). In the letters to Lindsey, the AUSA supplied Lindsey with the names and addresses of those who Lindsey could properly serve. A carbon copy of the letter and the addresses were sent to the clerk of court. On July 6, 1995, Lindsey moved the district court to order the clerk of court to serve the Uni ted States, and in his motion, presented the court with a service address provided to him by the AUSA.[1] Nonetheless, on August 22, 1995, the district court denied Lindsey's request and warned Lindsey that his suit would be dismissed for want of prosecution if he failed to serve the United States Attorney General and the Board by September 22, 1995. On October 20, 1995, the district court dismissed Lindsey's claim.

On October 31, 1995, Lindsey filed a Fed.R.Civ.P. 59(e) motion seeking to reinstate his case on the ground that he had diligently attempted to effect proper service but could not do so because the district court and clerk of court refused to provide him with the proper summons form. Lindsey filed a notice of appeal on November 2, 1995. On December 8, 1995, the district court entered an order refusing to reinstate Lindsey's case. Lindsey's notice of appeal became effective upon disposition of his post-judgment motion. *See* Fed. R.App. P. 4(a)(4).

## DISCUSSION

Lindsey appeals the district court's dismissal of his civil rights action against the United States for ineffective service of process, arguing t hat he could not properly effectuate service of process because the district court judge and clerk of court refused "to supply the proper summons paper with the official seal of the clerk attached thereto" as required by Fed.R.Civ.P. 4(a). We review a dismissal for failure to effect timely service of process for an abuse of discretion. *Peters v. United States,* 9 F.3d 344, 345 (5th Cir.1993) (per curiam). We conclude that the district court abused its discretion

---

[1]Lindsey apparently combined the address of the civil process clerk at the AUSA's office with the address for the AUSA's office itself. He did not provide the name of the person who was to be served.

by dismissing Lindsey's case.

> Proper service on the United States is effected
>
> (A) by delivering a copy of the summons and of the complaint to the United States Attorney for the district in which the action is brought or to an assistant United States attorney or clerical employee designated by the United States attorney in a writing filed with the clerk of the court or by sending a copy of the summons and of the complaint by registered or certified mail addressed to the civil process clerk at the office of the United States attorney and
>
> (B) by also sending a copy of the summons and of the complaint by registered or certified mail to the Attorney General of the United States at Washington, District of Columbia[.]

Fed.R.Civ.P. 4(i)(1)(A), (B). In addition, in cases challenging the actions of a federal agency, a copy of the summons and complaint must be sent by registered or certified mail to the relevant agency. Fed.R.Civ.P. 4(i)(1)(C).

Special rules govern the procedure for service of process in cases involving *in forma pauperis* plaintiffs like Lindsey. 28 U.S.C. § 1915(c) provides that "[t]he officers of the court shall issue and serve all process, and perform all duties in [*in forma pauperis* ] cases." Fed.R.Civ.P. 4(c)(2) goes hand-in-hand with § 1915(c), and it provides that

> At the request of the plaintiff ... the court may direct that service be effected by a United States marshal, or other person or officer specially appointed by the court for that purpose. *Such an appointment must be made when the plaintiff is authorized to proceed in forma pauperis pursuant to 28 U.S.C. § 1915 ....*

(Emphasis added). Once the *in forma pauperis* plaintiff has taken reasonable steps to identity the defendant(s), "Rule 4(c)(2) and 28 U.S.C. § 1915(c) stand for the proposition that ... the court is *obligated* to issue plaintiff's process to a United States Marshal who must in turn effectuate service upon the defendants...." *Byrd v. Stone,* 94 F.3d 217, 219 (6th Cir.1996) (emphasis added).

If proper service is not made within 120 days of filing the complaint, the action is subject to *sua sponte* dismissal, without prejudice, by the district court after notice to the plaintiff. Fed.R.Civ.P. 4(m). However, dismissal is improper "if the plaintiff shows good cause for the failure" to properly effect service. *Id.*[2] We have held that "[t]o establish "good cause' the plaintiff must demonstrate at

---

[2]The United States Supreme Court and this Circuit have recently held that the 1993 amendments to Rule 4 also permit a court to extend the time for service even if no good cause is shown. *See Henderson v. United States,* --- U.S. ----, ----, 116 S.Ct. 1638, 1643, 134 L.Ed.2d 880 (1996); *Thompson v. Brown,* 91 F.3d 20, 21 (5th Cir.1996). Because we hold that Lindsey has made a showing of good cause, we need not address the question of whether Lindsey is

least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually do not suffice." *Peters,* 9 F.3d at 345. Upon a showing of good cause, the district court "shall extend the time for service for an appropriate period." Fed.R.Civ.P. 4(m).

The district court in this case provided no reasons for denying Lindsey's request to have the clerk of court serve the United States or for refusing to reinstate Lindsey's case. We must therefore assume the district court found that (1) its refusal to direct the clerk of court (or anyone else) to serve the United States did not excuse Lindsey's failure to properly serve the United States, and (2) Lindsey's failure to procure from the clerk of court the proper summons form required by Fed.R.Civ.P. 4(a) also did not constitute good cause for Lindsey's failure to properly serve the United States. The district court abused its discretion in so finding.

What amounts to "good cause" under any particular set of circumstances is necessarily fact-sensitive. Although we have found no decision within this Circuit that sheds light on the precise issues raised in this case, our decision in *Rochon v. Dawson,* 828 F.2d 1107 (5th Cir.1987) is illustrative. There, an IFP plaintiff filed suit against a physician. Because the plaintiff was incarcerated, he relied and was dependent on the U.S. Marshal's Service for service of process. He provided the Service with the address of the hospital at which the defendant was allegedly employed. However, no acknowledgment of receipt of process was received. Four months later, the plaintiff added the hospital as a defendant. More than one year after service was attempted on the physician, the district court dismissed the plaintiff's case as to both the physician and the hospital. After the plaintiff moved for reinstatement of his cause of action, the district court reinstated the case and ordered the clerk of court to serve the defendants. The hospital was properly served, but the physician was not. When ruling on one of the hospital's pre-trial motions, the district court noted that the physician had yet to be served. The plaintiff, however, did nothing. Summary judgment was granted in favor of the hospital and the claim against the physician was dismissed for want of prosecution.

---

entitled to relief absent a showing of good cause.

We rejected the plaintiff's claim on appeal that his case against the physician should not have been dismissed because the Marshal's Service failed to effectively serve the defendant. We held that "a plaintiff proceeding in forma pauperis is entitled to rely upon service by the U.S. Marshals and should not be penalized for failure of the Marshal's Service to properly effect service of process, where such failure is through no fault of the litigant." 828 F.2d at 1110. We noted, however, that when failure of effective service of process is due to the "dilatoriness or fault" of the plaintiff, relief from a dismissal for insufficiency of service of process should be denied. *Id.* We reasoned that "a plaintiff may not remain silent and do nothing to effectuate such service. At a minimum, a plaintiff should request service upon the appropriate defendant and attempt to remedy any apparent service defects of which a plaintiff has knowledge." *Id.* We concluded that the plaintiff was dilatory and at fault for insufficient service because he was told by the district court that process was not served on the physician, yet the plaintiff did nothing about it. *Id.*

Although *Rochon* did not involve the good cause provision of Rule 4,[3] our holding in that case dovetails with the view among our sister circuits that good cause is shown when *in forma pauperis* plaintiffs' failure to properly serve a defendant is attributable to government personnel who have improperly performed their duties.[4] For example, in *Byrd v. Stone,* 94 F.3d 217, the Sixth Circuit reversed the district court's decision to dismiss the *in forma pauperis* plaintiff's complaint for failure to effect timely service of process when the clerk of court failed to issue the plaintiff's summons and the Marshals Service failed to serve the defendant. *Id.* at 219-20. In *Lujano v. Omaha Pub. Power Dist.,* 30 F.3d 1032, the Eighth Circuit reversed a dismissal of an *in forma pauperis* plaintiff's

---

[3]We proceeded under the 1987 version of Rule 4(c)(2)(B) (which is now Rule 4(c)(2)). 828 F.2d at 1109 n. 1.

[4]*See Byrd v. Stone,* 94 F.3d at 219-20 (clerk of court and Marshals Service); *Antonelli v. Sheahan,* 81 F.3d 1422, 1426 (7th Cir.1996) (Marshals Service); *Graham v. Satkoski,* 51 F.3d 710, 712-13 (7th Cir.1995) (same); *Lujano v. Omaha Pub. Power Dist.,* 30 F.3d 1032, 1033-35 (8th Cir.1994) (Magistrate Judge); *Dumaguin v. Secretary of Health & Human Servs.,* 28 F.3d 1218, 1221 (D.C.Cir.1994) (Marshals Service), *cert. denied,* --- U.S. ----, 116 S.Ct. 94, 133 L.Ed.2d 50 (1995); *see also Walker v. Sumner,* 14 F.3d 1415, 1422 (9th Cir.1994) (acknowledging that *in forma pauperis* plaintiff is entitled to rely on the Marshals Service for service of process, but holding that plaintiff's failure to provide the Service with sufficient information and failure to request that defendant be served amounted to a failure to show good cause).

complaint when the Magistrate Judge, who was solely responsible for issuing a summons, failed to do so within the 120-day time period prescribed by Rule 4(m). *Id.* at 1035. In *Byrd* and *Lujano,* good cause was found where government personnel failed to follow their statutory obligations (*Byrd* ) or the local rules (*Lujano* ).

In light of these authorities, we believe that Lindsey has made a showing of good cause for two reasons. First, the record does not show that the clerk of court provided Lindsey with a proper summons form—something Lindsey requested within the 120-day time frame and was required to have under Fed.R.Civ.P. 4(a). Thus, even if Lindsey had complied with Fed.R.Civ.P. 4(i)(1) when Chapin first attempted to serve the United States, Lindsey would not have effected proper service anyway because he would not have complied with Fed.R.Civ.P. 4(a).

Second, and perhaps most importantly, Lindsey's inability to meet the 120-day deadline was compounded by the district court's failure to follow Fed.R.Civ.P. 4(c)(2) and 28 U.S.C. § 1915(c), which *require* the district court, in *in forma pauperis* cases such as this one, to appoint and direct a U.S. marshal, deputy U.S. marshal, or some other person to serve process for Lindsey once he requested it. The district court neither appointed nor directed anyone to serve process for Lindsey, even though Lindsey asked the district court to do so when he filed his complaint to serve the Board. We recognize that Lindsey did not, in his complaint, provide the addresses of all the parties that had to be served pursuant to Rule 4.[5] We do not, however, find this fact fatal to Lindsey. Once Lindsey requested the district court to serve the Board, Rule 4 and § 1915(c) required the court to appoint someone to serve process for him. The district court's failure to act in accordance with these two provisions was an abuse of discretion.

Lindsey's conduct does not rise to the level of dilatoriness and silence we found objectionable in *Rochon.* There, the district court followed the dictates of Rule 4 and § 1915(c), ordered the clerk to serve process on the defendants, and engaged in some sort of dialogue with the plaintiff when the wrong address was provided. Yet the plaintiff did nothing to remedy the problem. Here, the district

---

[5]Pursuant to Rule 4(i), Lindsey was required to also serve a U.S. Attorney (or AUSA or clerical employee) and the U.S. Attorney General.

court failed to adhere to the applicable statutory mandates despite Lindsey's request for service of process and his *in forma pauperis* status. Lindsey was therefore left to his own devices to secure service on the United States. He tried twice (through Chapin) and failed. After these two failed attempts, Lindsey then petitioned the court to order the clerk to serve process for him. But by that time, the 120-day time period set forth in Fed.R.Civ.P. 4(m) had lapsed. The only time the district court intervened was to tell Lindsey his case would be dismissed if he did not serve the Board and the United States—and that was approximately 300 days after Lindsey requested the court to serve the Board.

The district court's failure to follow Rule 4(c)(2) and § 1915(c) was a substantial cause of Lindsey's failure to properly serve the United States. This is a sufficient showing of good cause. *See, e.g., Antonelli v. Sheahan,* 81 F.3d at 1426 ("The Marshals Service's failure to complete service [as required by statute], once furnished with the necessary identifying information, is *automatically* "good cause' ...." (emphasis added)); *Graham v. Satkoski,* 51 F.3d at 713 (same).

We conclude that Lindsey's inability to properly serve the United States was attributable in large part to the clerk's failure to provide Lindsey with the proper summons form and the district court's failure to follow controlling statutes which required the court to appoint a United States Marshal or other person or officer appointed by the court to effectuate service for Lindsey. Neither of these contingencies were within Lindsey's control. In view of our determination that dismissal of Lindsey's complaint was imprudent, we conclude that a remand for further proceedings is appropriate.

The judgment of the district court is VACATED and REMANDED for proceedings consistent with this opinion.