United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 17, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-40922
Summary Calendar

_____

WOODIE SORRELLS,

Plaintiff-Appellant,

versus

DELTON W. ATWOOD, Captain, Beto I; JEFFERY S. RICHARDSON,
Lieutentant, Beto I; GILBERT L. ENNIS, Lieutenant, Beto I; NEAL
D. WEBB, Warden, Beto I; Texas Department of Criminal Justice,
Beto I; UNIVERSITY OF TEXAS MEDICAL BRANCH CORRECTIONAL
MANAGEMENT HEALTHCARE; MICHAEL KELLY; UNKNOWN MCDANIEL,
Lieutenant; C. BISCOE; W.M. DELA ROSA; ELSIE KITCHENS; KENNETH
LOVE, Doctor; STEVEN HURTS; ALLAN WESTMORELAND,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:01-CV-428
--------------------

Before Davis, Smith, and Dennis, Circuit Judges.

PER CURIAM:[*]

   Woodie Sorrells, Texas prisoner # 801754, appeals from the

magistrate judge's orders dismissing his claims against various

defendants in his 42 U.S.C. § 1983 action.  Sorrells moves for

injunctive relief; that motion is DENIED.  Sorrells moves to

supplement the record on appeal; that motion also is DENIED.

_____

   [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Sorrells contends that the magistrate judge erred by dismissing his claims against Allan Westmoreland for failure to effect service of process; that the magistrate judge erred by dismissing his claims against six other defendants for failure to exhaust prison administrative remedies; and that the magistrate judge erred by finding for the remaining defendants on his substantive claims of deliberate indifference to his serious medical needs and by finding that the defendants were entitled to qualified immunity.  As will be discussed, Sorrells's contentions are unavailing.

Additionally, Sorrells lists as issues whether the magistrate judge exceeded the scope of this court's mandate on remand; whether the state-entity defendants were entitled to Eleventh Amendment immunity; whether the magistrate judge erred by prejudging Sorrells's case; and whether district courts should be reluctant to dismiss claims solely on procedural grounds. Sorrells does not develop those issues beyond merely listing them; he has failed to brief the issues for appeal.  <u>Brinkmann v. Dallas County Deputy Sheriff Abner</u>, 813 F.2d 744, 748 (5th Cir. 1987).

The dismissal of the claims against Westmoreland pursuant to FED. R. CIV. P. 4(m) was not an abuse of discretion. <u>See Lindsey v. United States R.R. Retirement Bd.</u>, 101 F.3d 444, 445 (5th Cir. 1996).  Neither the Office of the Attorney General (OAG) nor the Marshal was able to locate Westmoreland and effectuate service between August 30, 2002, and March 6, 2003.

Sorrells does not contend that he actually exhausted administrative grievances against the six defendants who obtained dismissal of his claims against them for failure to exhaust administrative remedies. Exhaustion is required under 42 U.S.C. § 1997e(a) before a prisoner may proceed in federal court. Informal attempts at resolution outside of the official grievance system, or incomplete attempts within the official system, do not serve to exhaust prison administrative remedies. See Alexander v. Tippah County, Miss., 351 F.3d 626, 629-30 (5th Cir. 2003), cert. denied, 124 S. Ct. 2071 (2004); Wright v. Hollingsworth, 260 F.3d 357, 358 (5th Cir. 2001). Sorrells's arguments that exhaustion was unnecessary; that other grievances should have put the defendants on notice; and that exhaustion would have been futile are without merit.

"Dismissal under § 1997e is made on pleadings without proof. As long as the plaintiff has alleged exhaustion with sufficient specificity, lack of admissible evidence in the record does not form the basis for dismissal." Underwood v. Wilson, 151 F.3d 292, 296 (5th Cir. 1998). Sorrells alleged in his amended complaint that he had exhausted his grievance procedure, but he alleged no details regarding exhaustion. The magistrate judge imposed no higher pleading standard on Sorrells than is required by 42 U.S.C. § 1997e(a).

Sorrells's assertion that the dismissal for failure to exhaust was equivalent to a dismissal for failure to state a claim is

facially frivolous. The exhaustion requirement has nothing to do with the merits of a prisoner's claims.

Sorrells has not shown that the magistrate judge's determination that the defendants were not deliberately indifferent to his serious medical needs was erroneous. See Estelle v. Gamble, 429 U.S. 97, 106 (1976). The evidence at trial supported the determination that the defendants attempted to remedy the circumstances that made Sorrells's compliance with his medication schedule difficult.

AFFIRMED.