United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 21, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————

No. 04-11327
Summary Calendar

———————————

HAROLD B. CORNISH,

Plaintiff - Appellant,

versus

TEXAS BOARD OF CRIMINAL JUSTICE OFFICE OF THE INSPECTOR GENERAL,
TEXAS BOARD OF CRIMINAL JUSTICE, &
TEXAS DEPARTMENT OF CRIMINAL JUSTICE,

Defendants - Appellees.

———————————————————————————————————————

Appeal from the United States District Court
for the Northern District of Texas
District Court Cause No. 04-CV-579-R

———————————————————————————————————————

Before JONES, BARKSDALE, and PRADO, Circuit Judges.

PRADO, Circuit Judge:[*]

Appellant Harold B. Cornish challenges the dismissal of his complaint in which he alleged that he was unlawfully discriminated against in violation of Title VII. In the complaint, Cornish maintained that the Texas Department of Criminal Justice (TDCJ) did not hire him for an Internal Affairs Trainee position because he is black. Cornish named three agencies as defendants: the Texas Board of Criminal Justice

———————————————————————

[*]Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

1

Office of the Inspector General, the Texas Board of Criminal Justice, and TDCJ.

TDCJ responded to Cornish's complaint by filing a motion to dismiss. In the motion, TDCJ argued that Cornish cannot sue the Texas Board of Criminal Justice Office of the Inspector General because that agency does not exist as a separate entity. TDCJ also stated that Cornish had failed to exhaust his administrative remedies as to the Texas Board of Criminal Justice Office of the Inspector General and the Texas Board of Criminal Justice because he had not named them in his charge of discrimination with the Equal Opportunity and Employment Commission (EEOC). Finally, TDCJ complained about the insufficiency of service of process. TDCJ argued that service was insufficient because a summons was not addressed to, issued to, or served on either the Texas Board of Criminal Justice or TDCJ. The district court granted the motion and dismissed the complaint.

Cornish responded by filing a pleading that included a notice of appeal and asked the district court to reconsider the dismissal of his complaint. Cornish argued that his complaint should not have been dismissed because the Marshal failed to serve the Texas Board of Criminal Justice and TDCJ. Cornish attached a summons issued to each defendant and the Marshal's notice of service reflecting service on the Texas Board of Criminal Justice and the Texas Board of Criminal Justice Office of the Inspector General. The district court denied the motion

2

for reconsideration.

Cornish's notice of appeal was timely, but the motion for reconsideration was untimely.[1]  Because Cornish did not file a notice of appeal to challenge the denial of his motion for reconsideration, or amend his notice of appeal to include the denial of his motion for reconsideration, this court may only review the order dismissing the complaint.[2]

The district court provided no reasons for dismissing Cornish's complaint.  Based on the arguments in TDCJ's motion, the district court must have determined that (1) Cornish's claims against the Texas Board of Criminal Justice Office of the Inspector General were precluded because no such separate entity existed and Cornish did not exhaust his administrative remedies, (2) Cornish's claims against the Texas Board of Criminal Justice were barred by Cornish's failure to exhaust his administrative remedies, and (3) Cornish failed to serve TDCJ with a copy of the summons and complaint.[3]  Cornish challenges each of these

---

[1]*See* FED. R. CIV. P. 59(e) (requiring a motion to alter or amend the judgment to be filed no later than 10 days after the entry of the judgment); *Lavespere v. Niagara Mach. & Tool Works*, 910 F.2d 167, 173 (5th Cir. 1990) (stating that, under Rule 59, a motion to reconsider should be treated as a motion to alter or amend the judgment).

[2]*See* FED. R. APP. P. 4(a)(4) (specifying the effect of a post-judgment motion on a notice of appeal).

[3]*See Lindsey v. U.S. R.R. Ret. Bd.*, 101 F.3d 444, 446 (5th Cir. 1996) (assuming the basis for the district court's order refusing to direct the clerk to serve the defendant where the court provided no reason in its order).

3

determinations.

Claims against the Texas Board of Criminal Justice Office of the Inspector General. TDCJ maintains that the district court properly dismissed claims against the Texas Board of Criminal Justice Office of the Inspector General because no such state entity exists. A Texas defendant may only be sued if it has an actual or legal existence.[4] The Texas Government Code establishes the Texas Board of Criminal Justice, but it does not establish the Office of Inspector General as a separate entity.[5] As a result, the district court did not err by dismissing Cornish's claims against the Texas Board of Criminal Justice Office of Inspector General.

Claims against the Texas Board of Criminal Justice. TDCJ contends that the district court properly dismissed Cornish's claims against the Texas Board of Criminal Justice because Cornish failed to exhaust his administrative remedies. A plaintiff must exhaust his administrative remedies before he may pursue a Title VII claim.[6] The first step in that process is to

---

[4]*Bailey v. Vanscot Concrete Co.*, 894 S.W.2d 757, 759 (Tex. 1995).

[5]*See* TEX. GOV'T CODE §§ 492.001–.014 (Vernon 2004) (providing for the Texas Board of Criminal Justice).

[6]*See Randel v. U.S. Dep't of Navy*, 157 F.3d 392, 395 (5th 1998) (explaining the prerequisites for a Title VII lawsuit).

4

file a charge of discrimination with the EEOC.[7]  Ordinarily, a plaintiff may not sue a defendant who was not named as a respondent in the EEOC charge.[8]  Here, Cornish named only TDCJ in his EEOC charge.  Thus, Cornish failed to exhaust his administrative remedies as to the Texas Board of Criminal Justice, and the district court did not err by dismissing Cornish's claims against that agency.

Claims against TDCJ.  TDCJ maintains that the district court properly dismissed Cornish's claims against it because it was not Cornish's prospective employer.  TDCJ, however, did not raise this argument in the district court.  Ordinarily, this court does not consider an argument raised for the first time on appeal unless it involves a purely legal issue and the failure to consider the argument would result in manifest injustice.[9]  The question whether TDCJ is a prospective employer is not a purely legal issue[10] and the failure to consider this question will not

---

[7]*See Barnes v. Levitt*, 118 F.3d 404, 408 (5th Cir. 1997) ("The filing of an administrative complaint is a jurisdictional prerequisite to a Title VII action.").

[8]*See* 42 U.S.C. § 2000e-5(f)(1) (permitting a plaintiff to bring a civil action against the respondent named in the charge).

[9]*Diaz v. Collins*, 114 F.3d 69, 71 n.5 (5th Cir. 1997); *Forbush v. J.C. Penney Co.*, 98 F.3d 817, 822 (5th Cir. 1996); *Blanks v. Murco Drilling Corp.*, 766 F.2d 891, 897 (5th Cir. 1985).

[10]*See Nowlin v. Resolution Trust Corp.*, 33 F.3d 498, 505 (5th Cir. 1994) (explaining that the right of control is a crucial factor in determining whether a defendant is a Title VII

result in a manifest injustice. Thus, the court will consider only whether the district court erred by dismissing Cornish's claims against TDCJ for insufficient service of process.

The court reviews "a dismissal for failure to effect timely service of process for an abuse of discretion."[11] Ordinarily, the plaintiff must serve each defendant with a copy of the summons and complaint.[12] If the plaintiff fails to serve a defendant within 120 days, the court must dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time.[13] Despite this general rule, special rules "govern the procedure for service of process in cases involving in forma pauperis [(IFP)] plaintiffs like" Cornish.[14] In those cases, section 1915 of title 28 provides that the "officers of the court shall issue and serve all process."[15] In addition, Rule 4 requires the district court to appoint a person to serve process in an IFP case. Once the IFP plaintiff has taken reasonable steps to identify the

___

plaintiff's employer); *Mares v. Marsh*, 777 F.2d 1066, 1067 (5th Cir. 1985) (explaining how determinations about employer status should be made and exploring the facts of the particular situation).

[11]*Lindsey*, 101 F.3d at 445.

[12]FED. R. CIV. P. 4(c)(1).

[13]FED. R. CIV. P. 4(m).

[14]*Lindsey*, 101 F.3d at 446.

[15]28 U.S.C. § 1915(d).

defendant(s), together Rule 4 and section 1915 require the court "to issue plaintiff's process to a United States Marshal who must in turn effectuate service upon the defendants."[16]

Here, the record indicates that the magistrate judge gave Cornish permission to proceed IFP on March 29, 2004. In its order, the magistrate judge directed the district clerk to "issue summons and send them, together with copies of the complaint . . . to the United States Marshal for service." The order also ordered the Marshal to "serve the defendants." The record, however, does not reflect that the Marshal served TDCJ.

This court has determined that an IFP plaintiff is entitled to rely on service by the Marshal and that the plaintiff will not be penalized for the Marshal's failure to properly effect service where the plaintiff is not at fault.[17] Here, the record shows that Cornish identified the defendants and obtained a summons for

---

[16]*Lindsey*, 101 F.3d at 446 (internal quotations omitted).

[17]*Rochon v. Dawson*, 828 F.2d 1107, 1110 (5th Cir. 1987); *see Byrd v. Stone*, 94 F.3d 217, 220 (6th Cir. 1996) (determining that the failure of the clerk and the Marshal to accomplish their respective duties constituted good cause for reinstating the IFP plaintiff's lawsuit); *Dumaguin v. Sec'y of Health & Human Servs*., 28 F.3d 1218, 1221 (D.C. Cir. 1994) (finding that the Marshal's failure to effectuate service of process was good cause under Rule 4); *Puett v. Blandford*, 912 F.2d 270, 276 (9th Cir. 1990) (explaining that the IFP plaintiff will not be penalized for the Marshal's failure to effect service as required by section 1915); *Sellers v. United States*, 902 F.2d 598, 602 (7th Cir. 1990) (holding that good cause exists for reviving an IFP inmate's complaint when the district court instructs the Marshal to serve the defendant and the prisoner provides the information needed to identify the defendant).

each defendant from the clerk.  The Marshal, however, did not serve TDCJ with a summons.

The Marshal failed to perform his assigned task.  Where the Marshal fails to serve a properly addressed summons to a defendant, the district court abuses its discretion by dismissing an IFP plaintiff's complaint.  Because that is what happened here, the district court erred by dismissing Cornish's claims against TDCJ.  As a result, the court REVERSES and REMANDS the order of dismissal as to TDCJ, and AFFIRMS the order in all other respects.  Back in the district court, Cornish can properly raise his argument about why TDCJ is a proper defendant in this case. REVERSED & REMANDED IN PART & AFFIRMED IN PART.