United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 11, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-20671
Summary Calendar

_____

GENANA HOLLY,

                              Plaintiff-Appellant,

versus

METROPOLITAN TRANSIT AUTHORITY,

                              Defendant-Appellee.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:05-CV-884
- - - - - - - - - -

Before SMITH, WIENER, and OWEN, Circuit Judges.

PER CURIAM:[*]

    Genana Holly, a Texas resident, filed this employment-discrimination action pro se and in forma pauperis (IFP). She appeals the district court's order granting the defendant's amended motion to dismiss, pursuant to FED. R. CIV. P. 12(b)(5), for insufficiency of service of process. In that motion, Metropolitan Transit Authority (Metro) contended that Holly's service of process was insufficient under FED. R. CIV. P. 4(j)(2) because she had directed the United States Marshal's Service to send the summons and complaint to a Metro attorney, Deborah

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Richard, who allegedly has not been designated by Metro to receive process on its behalf.

A motion to dismiss pursuant to Rule 12(b)(5) turns on the legal sufficiency of the service of process. The party making service has the burden of demonstrating its validity when an objection to service is made. Carimi v. Royal Carribean Cruise Line, Inc., 959 F.2d 1344, 1346 (5th Cir. 1992). This court reviews a district court's dismissal under Rule 12(b)(5) for abuse of discretion. Lindsey v. United States R.R. Ret. Bd., 101 F.3d 444, 445 (5th Cir. 1996).

In the absence of personal delivery, FED. R. CIV. P. 4(j)(2) required Holly to serve the summons and complaint in the manner prescribed by the law of the state in which the action was filed. In Texas, Holly was required to serve Metro's "administrative head" by certified or registered mail, return receipt requested. See TEX. CIV. PRAC. & REM. CODE ANN. § 101.102(c); Wharton v. Metro Transit Auth. of Harris County, No. 4:05-CV-0413, 2005 WL 1653075, at *2 (S.D. Tex. July 8, 2005). It is not disputed that Holly failed to serve Metro in this manner.

It is true that service of process by pro se, IFP litigants is governed by "[s]pecial," or more lenient, rules. See Lindsey, 101 F.3d at 446. Nonetheless, when the failure of effective service may be ascribed to the plaintiff's "dilatoriness or fault" or "inaction," the case may be properly dismissed. See Rochon v. Dawson, 828 F.2d 1107, 1109-10 (5th Cir. 1987). Metro filed its amended motion to dismiss on May 31, 2005. Instead of responding to the motion or attempting to correct her improper

service, Holly filed a motion for entry of default and a motion for summary judgment. Approximately two months later, the district court granted the motion to dismiss. Because of Holly's "inaction" in the face of Metro's challenge to the sufficiency of service, the district court did not abuse its discretion in granting the motion. See Rochon, 828 F.2d at 1110; Lindsey, 101 F.3d at 445. The judgment of the district court is AFFIRMED.

Holly's motion for production, at Government expense, of a transcript of a July 22, 2005, status conference is DENIED, based Holly's failure to identify a particularized need for such transcript. See 28 U.S.C. § 753(f); Harvey v. Andrist, 754 F.2d 569, 571 (5th Cir. 1985).