# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 8, 2007

Charles R. Fulbruge III
Clerk

No. 07-10284
Summary Calendar

JESSE F REECE, SR

Plaintiff-Appellant

v.

COUNTRYWIDE HOME LOANS; COUNTRYWIDE FULL SPECTRUM LENDING DIVISION

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 7:06-CV-181

Before KING, DeMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Jesse F. Reece, Sr. (Reece), proceeding pro se, appeals the dismissal without prejudice of his complaint for failure to effectuate proper service and failure to comply with Federal Rule of Civil Procedure 8. We conclude that the dismissal was erroneous on both grounds and we vacate the judgment and remand for further proceedings.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

We construe Reece's pro se brief liberally. See Grant v. Cuellar, 59 F.3d 523, 524 (5th Cir. 1995). Although Reece's brief focuses on his underlying claims rather than the district court's ruling, this court has considered noncompliant briefs if the appellant has alleged some error by the district court and the opposing party is not prejudiced. Id. at 524-25. Because of the apparent lack of prejudice to Countrywide Home Loans, Inc. and Countrywide Full Spectrum (Countrywide) as well as the straightforward legal and factual analysis presented, we will consider the merits of the ruling given. See id; see also Price v. Digital Equip. Corp., 846 F.2d 1026, 1028 (5th Cir. 1988).

Rule 4(m) of the Federal Rules of Civil Procedure requires dismissal of a complaint without prejudice if service is not made within 120 days after the filing of the complaint. FED. R. CIV. P. 4(m). This court reviews a dismissal for failure to effect timely service of process for abuse of discretion. See Lindsey v. United States R.R. Retirement Bd., 101 F.3d 444, 445 (5th Cir. 1996). Countrywide's motion to dismiss was filed only 67 days after the complaint was filed and only four days after the court granted Reece leave to proceed in forma pauperis (IFP), a ruling that required the court to issue and serve process and to appoint a marshal to effectuate service, albeit upon request by Reece. See 28 U.S.C. § 1915(c) and FED. R. CIV. P. 4(c); Lindsey, 110 F.3d at 445. Further, the dismissal was only 112 days after Reece filed his original compliant, eight days shy of the expiration of the 120-day service period. As the 120 days had not run, the dismissal for lack of service was erroneous.

With respect to the alternative dismissal for failure to comply with Federal Rule of Civil Procedure 8, the district court likewise erred. Reece's complaint, although inartfully drafted, does not warrant dismissal. The complaint alleged that Countrywide discriminated against Reece on the basis of race in connection with a loan application; the complaint and accompanying documents identified the loan application in question; and the complaint and documents specified the statutory grounds for the allegations. Although Reece's claims of racial

discrimination are conclusory and fail to cite supporting facts, see Bell Atl. Corp. v. Twombly, 127 S.Ct. 1955, 1964 (2007), his pro se status required the court to give him an opportunity to amend his complaint prior to dismissal. See Jones v. Greninger, 188 F.3d 322, 326 (5th Cir. 1999).

      For the foregoing reasons, the judgment of the district court is VACATED and this matter is REMANDED for further proceedings consistent with this opinion.