IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 13, 2008

Charles R. Fulbruge III
Clerk

No. 07-60335
Summary Calendar

JODY COX

Plaintiff-Appellant

v.

MAUD IRBY; AMMED ZEIN; D LUNSFORD, RN Central Mississippi
Correctional Facility

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:04-CV-156

Before WIENER, GARZA, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Jody Cox, Mississippi prisoner # L7371, appeals the district court's grant of summary judgment to Warden Irby and the dismissal of the remaining defendants from his 42 U.S.C. § 1983 suit. Cox argues that Warden Irby violated his constitutional rights because she knew of his needs for medication and a wheelchair and she had control over the prison medical department. Cox complains that Warden Irby did not provide him with his medical records in a

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

timely manner and that her summary judgment motion was filed after the time limit imposed by the district court for filing such a motion. Cox also complains about the dismissal with prejudice of the Correctional Medical Unit and the dismissal without prejudice of Dr. Zein and Nurse Lunsford. He asserts that more efforts should have been made to locate and serve Dr. Zein and Nurse Lunsford. Finally, he complains that no summons was issued to Samantha Gonzales.

The district court has broad discretion to control its docket and allow late-filed pleadings. See Enlow v. Tishomongo County, Miss., 962 F.2d 501, 507 (5th Cir. 1992). Cox has not shown that the district court abused its discretion in accepting and considering the warden's May 26, 2006, summary judgment motion. Moreover, Warden Irby did not contravene the district court's order to provide Cox with his medical records 30 days before trial as there was no trial.

"There is no vicarious or respondeat superior liability of supervisors under § 1983." Rios v. City of Del Rio, Tex., 444 F.3d 417, 425 (5th Cir. 2006). "Rather, a plaintiff must show either the supervisor personally was involved in the constitutional violation or that there is a 'sufficient causal connection' between the supervisor's conduct and the constitutional violation." Id. (internal quotation omitted). Cox may have put Warden Irby on notice that his needs for medication and a wheelchair were not being met, but he did not show that the warden was personally involved in his medical care or that there was a causal connection between her conduct and the alleged harm. Accordingly, the district court's grant of summary judgment to Warden Irby is affirmed.

Cox makes only a conclusional statement that "no summons was issued to Samantha Gonzales," and he fails to address the district court's reason for dismissing with prejudice the Correctional Medical Unit. These claims are not adequately briefed and are therefore abandoned. See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993); Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987).

The record on appeal does not indicate that the district court notified Cox, as required by FED. R. CIV. P. 4(m), of its intent to dismiss Dr. Zein and Nurse Lunsford from the lawsuit for insufficient service of process or that the district court gave Cox an opportunity to show good cause for the failure to timely serve those defendants. We conclude that the dismissal of those two defendants was an abuse of discretion. See Rule 4(m); Lindsey v. United States R. R. Retirement Bd., 101 F.3d 444, 445-48 (5th Cir. 1996). The dismissal without prejudice of Dr. Zein and Nurse Lunsford is therefore vacated, and the case is remanded for further proceedings consistent with this opinion.

AFFIRMED IN PART; VACATED AND REMANDED IN PART.