# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 18, 2010

Lyle W. Cayce
Clerk

No. 08-30431
Summary Calendar

SHEDRICK BRUMFIELD

Plaintiff-Appellant

v.

SHIRLEY COODY; UNKNOWN BEOKER, Lieutenant; DAVID HONEYCUTT, Colonel; DAVID DAIGRENPONT, Sergeant; RICHARD STALDER; LINDA RAMSEY

Defendants-Appellees

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:07-CV-64

Before KING, BARKSDALE, and GARZA, Circuit Judges.

PER CURIAM:[*]

Shedrick Brumfield, Louisiana prisoner # 395469, proceeding *pro se* and *in forma pauperis*, appeals the denial of a post-judgment motion challenging the dismissal of his claims against defendants Coody, Boeker, Honeycutt, and Daigrenpont due to insufficient service of process. (It did not challenge the dismissal of the other defendants.) Brumfield sought relief from the judgment

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

on grounds of excusable neglect, alleging that the district court clerk ignored his repeated requests for the forms necessary to obtain service. Although the motion was captioned as being under Federal Rule of Civil Procedure 60(b) and was so construed by the district court, it should have been construed as sounding under Rule 59. *See Mangieri v. Clifton*, 29 F.3d 1012, 1015 n.5 (5th Cir. 1994) (holding that a motion for reconsideration filed within 10 days of entry of judgment should be construed under Rule 59 regardless of how it is captioned). (Effective December 1, 2009, the time computation rules in the district and circuit courts were amended so that weekends and holidays are counted, and the 10-day limit was changed to a 28-day limit. FED. R. CIV. P. 6(a) and 59(e); FED. R. APP. P. 4(a)(4)(iv) (Dec. 1, 2009). The new rules shall govern, "insofar as just and practicable, all proceedings then pending." *See* US ORDER 09-15 and US ORDER 09-17. We need not decide whether it is "just and practicable" to apply the new rule to calculate the timeliness of Brumfield's filing because under either the former rules or the rules effective December 1, 2009, the motion sounds under Rule 59 rather than Rule 60(b).)

Under the prison mailbox rule, the motion is deemed to have been filed within 10 days of the entry of the judgment of dismissal because it was signed and submitted to prison authorities within that period. *See Thompson v. Raspberry*, 993 F.2d 513, 515 & n.3 (5th Cir. 1993). Therefore, as stated, the motion should have been construed as a Rule 59 motion regardless of how it was captioned. *See Mangieri*, 29 F.3d at 1015 n.5. Moreover, Brumfield's timely appeal from the denial of such Rule 59 relief is treated "as an appeal from the adverse judgment itself". *See Lockett v. Anderson*, 230 F.3d 695, 700 n.4 (5th Cir. 2000) (internal quotations and citation omitted); *see also In re Blast Energy Servs., Inc.*, 593 F.3d 418, 424 n.3 (5th Cir. 2010).

A dismissal for insufficient service of process is reviewed for abuse of discretion. *Lindsey v. United States R. R. Ret. Bd.*, 101 F.3d 444, 445 (5th Cir. 1996). The plaintiff is responsible for service of a summons and complaint

within the time allowed. FED. R. CIV. P. 4(c)(1). If service is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, must dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time. FED. R. CIV. P. 4(m).

The court, however, "*must* extend the time for service for an appropriate period" if the plaintiff shows good cause for the failure to serve. *Id.* (emphasis added). To establish "good cause", a plaintiff must demonstrate at least excusable neglect. *Lindsey*, 101 F.3d at 446. *Lindsey* held the dismissal of an *in forma pauperis* complaint was an abuse of discretion where the district court did not order service and the plaintiff was unable to obtain the necessary service forms from the clerk of court. *Id.*

The 120-day provision in Rule 4 is "not . . . an outer limit subject to reduction, but . . . an irreducible allowance." *Henderson v. United States*, 517 U.S. 654, 661 (1996). A district court has the discretion to extend the 120-day period for service even absent a showing of good cause. *Id.* at 662. Service of process is not a jurisdictional matter; "[i]nstead, the core function of service is to supply notice of the pendency of a legal action, in a manner and at a time that affords the defendant a fair opportunity to answer the complaint and present defenses and objections." *Id.* at 671-72 (citing *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950)).

In this instance, the defendants received timely notice of the pendency of the action and they were able to answer the complaint and present defenses and objections. *See Henderson*, 517 U.S. at 671-72. The record on appeal contains evidence that Brumfield mailed at least one document to the district court during the period in which he was directed to perfect service. This mailing is not recorded in the district court docket, lending credence to Brumfield's assertion that he attempted to obtain service. Although Brumfield did not proceed *in forma pauperis* in district court, his situation is otherwise similar to facts found

to constitute good cause in *Lindsey*. *See* 101 F.3d at 445-47. Moreover, although a dismissal for failure to perfect service should be *without* prejudice, *see* FED. R. CIV. P. 4(m), the judgment is silent as to prejudice, which causes the judgment to sound as a dismissal with prejudice. *See Nationwide Mut. Ins. Co. v. Unauthorized Practice of Law Comm.,* 283 F.3d 650, 656 n.26 (5th Cir. 2002). Accordingly, Brumfield demonstrated good cause for his failure to serve process, and the district court abused its discretion in dismissing his claims.

For the foregoing reasons, the judgment of dismissal is VACATED and this matter is REMANDED to district court for proceedings consistent with this opinion.

VACATED and REMANDED.