# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
August 13, 2021

Lyle W. Cayce
Clerk

No. 20-50055

Garland Ballentine,

*Plaintiff—Appellant*,

*versus*

Sergeant Heather Broxton; Jay Hart, *SIGMO*; Vicki Cundiff, *Grievance Department*,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:19-CV-459

Before Jolly, Haynes, and Oldham, *Circuit Judges*.

Per Curiam:*

Garland Ballentine, a currently incarcerated prisoner, filed this lawsuit under 42 U.S.C. § 1983 against Sergeant Heather Broxton, Jay Hart, and Vicki Cundiff (collectively, "Defendants"), challenging his administrative segregation (a form of solitary confinement). Among other

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-50055

claims, he alleged that Defendants violated his constitutional rights by preventing him from participating in the Gang Renunciation and Disassociation ("GRAD") Program—the only avenue out of solitary confinement for a former gang member—because he refused to cooperate to the satisfaction of outside law enforcement. Ballentine also petitioned to proceed in forma pauperis ("IFP") under 28 U.S.C. § 1915.

The district court granted Ballentine's IFP motion but ordered the clerk of the court *not* to issue summons or forward summons to the U.S. Marshal for service on Defendants.[1] It later dismissed Ballentine's case with prejudice, without ever serving Defendants, and therefore, without ever hearing Defendants' arguments. After his motion for reconsideration was denied, Ballentine timely appealed. He was later appointed counsel.

On appeal, Ballentine's appointed counsel notes that this case presents complicated questions of constitutional law and favorably cites a Fifth Circuit case where a state government official was invited to participate in an appeal. We agree that full consideration of Ballentine's arguments with the benefit of the Defendants' response is appropriate in this case. However, we conclude that the proper remedy is to remand this case back to the district court to address these complex issues in the first instance, *with* the benefit of briefing from properly served Defendants. *See United States v. Hibernia Nat'l Bank*, 841 F.2d 592, 597 (5th Cir. 1988) (remanding to the district court to make findings in the first instance and, if appropriate, to receive additional

---

[1] We note that a court must order service by a U.S. marshal, deputy, or person appointed by the court if a "plaintiff is authorized to proceed [IFP]." Fed. R. Civ. P. 4(c)(3); *see also Cornish v. Tex. Bd. of Crim. J. Off. of the Inspector Gen.*, 141 F. App'x 298, 300–01 (5th Cir. 2005) (noting that Rule 4 and 28 U.S.C. § 1915 "require the court to issue [an IFP] plaintiff's process to a United States Marshal who must in turn effectuate service upon the defendants" if "the IFP plaintiff has taken reasonable steps to identify the defendant(s)" (quotation omitted)).

No. 20-50055

briefing); *see also Outlaw v. Connett*, 460 F.2d 1257, 1258 (5th Cir. 1972) (per curiam) (acknowledging that the plaintiff failed to properly serve the United States and concluding that, on remand, "the District Court should afford appellant a reasonable period of time to effect proper service on the United States").

Accordingly, we VACATE and REMAND with instructions that service be made on Defendants and that the district court consider the arguments of both sides.