# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
May 23, 2023

Lyle W. Cayce
Clerk

———————

No. 22-40696
Summary Calendar

———————

Tracy Nixon,

*Plaintiff—Appellant*,

*versus*

General Motors Corporation,

*Defendant—Appellee*.

———————————————————

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 2:19-CV-287

———————————————————

Before Elrod, Graves, and Ho, *Circuit Judges*.

Per Curiam:[*]

Tracy Nixon, proceeding pro se, seeks leave to proceed in forma pauperis (IFP) to appeal the district court's dismissal without prejudice of his private civil action alleging patent interference and copyright infringement. The district court dismissed the proceeding because Nixon failed to show that he had properly served the defendant. By moving in this

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

court to proceed IFP, Nixon is challenging the district court's certification that any appeal would not be taken in good faith because he had not shown that he will present a nonfrivolous appellate issue. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997); *Carson v. Polley*, 689 F.2d 562, 586 (5th Cir. 1982).

Before this court, Nixon argues that he properly served General Motors through the Texas Secretary of State pursuant to the Texas long-arm statute. *See* TEX. CIV. PRAC. & REM. CODE § 17.044(a). He did not show that he met the conditions necessary for service pursuant to the Texas statute. *See* FED. R. CIV. P. 4(e)(1), (h)(1); § 17.044(a); *Whitney v. L & L Realty Corp.*, 500 S.W.3d 94, 95 (Tex. 1973). Although Nixon maintains that the district court should have granted his request to allow substituted service under the long-arm statute, he cites no authority for the proposition that a court may permit such service unless the statutory conditions are met. He has not presented a nonfrivolous issue with respect to the dismissal without prejudice for failure to serve the General Motors. *See Baugh*, 117 F.3d at 202; *Lindsey v. United States R.R. Ret. Bd.*, 101 F.3d 444, 445 (5th Cir. 1996).

In addition, Nixon alleges that the district court should have recused itself from the proceedings because the judge owned stock in a company that entered a business agreement with General Motors. He has arguably failed to brief this issue before this court. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993). Even if the issue is sufficiently briefed, Nixon has not shown that he will present a nonfrivolous issue regarding the district court's denial of the motion for recusal. *See Sensley v. Albritton*, 385 F.3d 591, 598 (5th Cir. 2004); *Baugh*, 117 F.3d at 202; 28 U.S.C. § 455(b)(4), (d)(4).

The appeal is without arguable merit and is thus frivolous. *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). Accordingly, Nixon's motion to

proceed IFP is DENIED, and the appeal is DISMISSED as frivolous. *See Baugh*, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2.