United States Court of Appeals
Fifth Circuit

**F I L E D**

May 7, 2004

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-31071
Summary Calendar

_____

TERRY D. TILMON,

                                        Plaintiff-Appellant,

versus

STEVE PRATOR; JOHN SELLS; MCCREARY, Sergeant;
RANDAL TERRELL,

                                        Defendants-Appellees.

--------------------

Appeal from the United States District Court
for the Western District of Louisiana

--------------------

Before HIGGINBOTHAM, DAVIS and PRADO, Circuit Judges.

PER CURIAM:

     Terry D. Tilmon appeals the district court's dismissal of his 42 U.S.C. § 1983 action for failure to state a claim upon which relief may be granted under 28 U.S.C. § 1915(e)(2)(B)(ii). Tilmon filed this 42 U.S.C. § 1983 action against Steve Prator, the Sheriff of Caddo Parish; John Sells, Commander at Caddo Correctional Center; Sgt. McCreary, supervisor; and Randal Terrell, deputy sheriff. Tilmon alleged that on April 9, 2001, his cell was randomly searched, various items alleged to be contraband were seized, and he was punished by being confined

in punitive "cell 32" for eight hours and suffering the loss of telephone privileges, loss of visitation privileges, and loss of recreation. He alleged that prior to being punished, he was not afforded an administrative hearing, the opportunity to make a statement, the right to present documentary evidence, the right to call or confront witnesses, a copy of the infraction report, or the assistance of a staff member. Tilmon alleged that on April 10, 2001, he was approached by Sgt. McCreary, who asked him to sign a disciplinary report for the infraction for which he had been punished. On April 11, an investigation was conducted by Sgt. Mitchell and Deputy Filler, which revealed that the items seized were not contraband. Tilmon asserted that if he had been given a hearing prior to being punished, he would have had the opportunity to demonstrate that the items were not contraband. He alleged that his punishment was arbitrary and capricious and that he was denied due process.

The district court determined that he was not entitled to due process under Sandin v. Conner, 515 U.S. 472 (1995). Tilmon had argued that Sandin did not apply, citing Fuentes v. Wagner, 206 F.3d 335 (3d Cir. 2000), in which that court held that a convicted inmate awaiting sentencing has the status of a pretrial detainee. The district court rejected Tilmon's argument that because he was convicted but not sentenced, Sandin did not apply.

Tilmon argues that the district court erred when it ruled that convicted but not yet sentenced individuals are not entitled to due process protections as pretrial detainees.  He states that he relies upon the reasoning in the Third Circuit's opinion in Fuentes.

Fuentes involved a Fourteenth Amendment Due Process claim by a prisoner who was convicted but awaiting sentencing.  He alleged that he was denied a hearing before being placed in a restraint chair for eight hours.  The Third Circuit determined that Sandin v. Conner did not apply because Sandin concerned the punishment of a sentenced prisoner.  The court stated that Fuentes' status under the Constitution was that of a pretrial detainee, citing its previous opinion in Cobb v. Aytch, 643 F.2d 946, 962 (3d Cir. 1981).  Fuentes, 206 F.3d at 341.  In Cobb, the court held that the right to remain at liberty continued until the pronouncement of sentencing.  The court based its reasoning on the fact that Pennsylvania law allowed unsentenced defendants a right to bail and that unsentenced prisoners retained their Sixth Amendment rights to speedy trial and effective assistance of counsel. 643 F.2d at 962.  Evitts v. Lucey, 469 U.S. 387, 393-95 (1985).

The court in Fuentes also rejected the notion that Fuentes' status was the same as a sentenced defendant "because it is simply wrong," citing Bell v. Wolfish, 441 U.S. 520, 538 (1979). 206 F.3d at 341 n.7.  We do not read Bell v. Wolfish as suggesting that a convicted but unsentenced prisoner should be

treated as a pretrial detainee.  To the contrary, the Court in Bell stated that "under the Due Process Clause, a detainee may not be punished prior to an adjudication of guilt in accordance with due process of law."  441 U.S. at 535.  The Court stated the "general principle that punishment can only follow a determination of guilt after trial or plea."  441 U.S. at 537 n.17.

In our view, the adjudication of guilt, i.e., the conviction, and not the pronouncement of sentence, is the dispositive fact with regard to punishment in accordance with due process.  The Eighth, Ninth, and Tenth Circuits have recognized this principle.  The Tenth Circuit, citing Bell, stated:

> We see no reason to treat incarcerated persons whose guilt has been adjudicated formally but who await sentencing like pretrial detainees, who are detained primarily to ensure their presence at trial and who cannot be punished; and we perceive every reason to treat those awaiting sentencing the same as inmates already sentenced.  The critical juncture is conviction, either after trial or ... by plea, at which point the state acquires the power to punish and the Eighth Amendment is implicated.

Berry v. City of Muskogee, 900 F.2d 1489, 1493 (10th Cir. 1990).  The Eighth Circuit in Whitnack v. Douglas County, 16 F.3d 954, 957 (8th Cir. 1994) determined that the prison condition claim of a prisoner who was convicted and awaiting sentencing was governed by the Eighth Amendment, in contrast to the claim of his cellmate, a pretrial detainee, whose claim was governed by the

Fourteenth Amendment's Due Process Clause. In <u>Resnick v. Hayes</u>, 213 F.3d 443, 448 (9th Cir. 2000), that court held that for purposes of analyzing whether the plaintiff had a liberty interest in being free from confinement in the prison's special housing unit for 30 days pending his disciplinary hearing, the convicted but unsentenced prisoner should be treated as a sentenced inmate and not a pretrial detainee.

Tilmon argues that the Third Circuit's reasoning in <u>Fuentes</u> is apposite to Louisiana's jurisprudence and judicial practices regarding when the State actually inherits the power to punish and when a prisoner's liberty ceases. He cites several Louisiana statutes concerning the function of the Department of Corrections, postconviction remedies, and motions for post verdict judgment of acquittal.

Tilmon did not make these particular arguments in the district court either in his objections or on remand of this case, and thus, the district court did not have the opportunity to consider these arguments. Because he raises these arguments for the first time on appeal, we review for plain error. <u>See</u> <u>Douglass v. United Servs. Auto. Ass'n</u>, 79 F.3d 1415, 1428-29 (5th Cir. 1996)(en banc); <u>Highlands Ins. Co. v. National Union Fire Ins. Co.</u>, 27 F.3d 1027, 1031-32 (5th Cir. 1994) (applying plain-error analysis of <u>United States v. Olano</u>, 507 U.S. 725, 730-37 (1993) in civil cases). The district court did not plainly err in reaching its conclusion based on consideration of

the three other Circuit court decisions which disagreed with

Fuentes.

We hold that a prisoner who has been convicted but has not yet been sentenced has the same status as a sentenced prisoner for purposes of analyzing whether the prisoner has a liberty interest in having certain procedural protections apply before being punished in connection with prison disciplinary proceedings.  Because Tilmon was a convicted prisoner, he had no liberty interest implicated by his confinement in a punitive cell for eight hours pursuant to Sandin v. Conner.  The district court did not err in dismissing Tilmon's action for failure to state a claim.  Black v. Warren, 134 F.3d 732, 733-34 (5th Cir. 1998).

AFFIRMED.