United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 20, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-41354
Summary Calendar

HERBERT HINES,

                                        Plaintiff-Appellant,

versus

STATE OF TEXAS; GEORGE W. BUSH, Governor; ALLEN POLUNSKY,
Attorney General; SUSON P. McHENEY; CAROL S. YOUNG; JOHN
DAVID FRANZ, Secretary to Board; PATRICIA A. DAY, Board
Member; WILLIAM HANK MOODY, Board Member; ALFORD L. MURAN,
Board Member; NANCY PULLON, Board Member; A. M. SHRINGFELLOW,
Board Member; LORAL S. VANCE, Board Member; CITY OF LIVINGSTON;
POLK COUNTY TEXAS; R. HUBERT, Polk County Commissioner;
WAYNE SCOTT, Executive Director; UNIDENTIFIED KNIGHT; GARY
JOHNSON, Director; JOHN DOES; LEPHERD JENKINS, Director of
Region I; ROBERT TREON, Warden; B. E. ZELLER, Assistant Warden;
LLOYD L. MASSEY, Assistant Warden; PATRICK M. MARION, Major;
JAMES L. JONES, Major; MARK TOMBLIN, Captain; MICHAEL RECSLER,
Captain; GARY HUMLER, Captain; H. JACKSON, Fire & Safety;
W. L. GILL, Sergeant; MICHAEL POWER, Correctional Officer 3;
JAMES C. THOMPSON, Investigator; DAVID P. McLEOD, Investigator;
SLABANI L. BYRON; WARREN R. WORTHY, Investigator; BILLY RAY
NELSON, Sheriff of Polk County, Texas; JOHN CORNYN, Texas
Attorney General,

                                        Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 9:00-CV-230
- - - - - - - - - -

Before Jones, Barksdale and Prado, Circuit Judges.

PER CURIAM:[*]

        Herbert Hines, a Texas prisoner (# 658911), appeals from the

jury verdict and entry of judgment in favor of defendant-appellee

_____

        [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

correctional sergeant W. L. Gill, following a jury trial of a claim in Hines's 42 U.S.C. § 1983 civil rights action. Hines raises several challenges to the outcome and conduct of the trial.

All of Hines's claims are raised for the first time on appeal. His argument that the verdict was against the weight of the evidence is waived by his failure to have filed a FED. R. CIV. P. 50(a) motion for judgment as a matter of law, and he has not established plain error. See Colonial Penn Ins. v. Market Planners Ins. Agency Inc., 157 F.3d 1032, 1036 n.3 (5th Cir. 1998); Tilmon v. Prator, 368 F.3d 521, 524 (5th Cir. 2004); United States v. Olano, 507 U.S. 725 (1993). Hines maintains that the jury was impartial because it was selected from a venire that did not represent a "fair cross-section of the community," but his completely conclusory assertions do not state a prima facie violation. See United States v. Williams, 264 F.3d 561, 568 (5th Cir. 2001) (direct criminal appeal). Hines's argument that the defendants used peremptory strikes in a racially discriminatory manner, in violation of Batson v. Kentucky, 476 U.S. 79 (1986), is similarly conclusory, and the record reflects that Hines lodged no Batson objection at trial. See Harris v. Collins, 990 F.2d 185, 187 (5th Cir. 1993) (as a matter of law, claimant must object at trial to use of peremptory strike in order to preserve Batson claim).

Hines argues that, in the presence of the jury, the trial judge improperly made a statement about the unavailability of settlement, but the record reflects that the specific statement

quoted by Hines was not made and that a similar statement was neither made in the presence of the jury nor prejudicial. He contends that the trial judge failed to question venirepersons adequately about their racial biases, but Hines waived such objection and has identified no particular juror who was actually biased. See United States v. Wilson, 116 F.3d 1066, 1086-87 (5th Cir. 1997). Hines also asserts that venirepersons "concealed" information that prevented him from determining whether a challenge for cause might have been warranted, but he identifies no such venireperson or any concealed information. Finally, Hines contends that the jury erroneously "excluded" his testimony, but this appears to be only a personal belief that his testimony was more credible than that offered by the defendant's witnesses. As noted above, Hines failed to preserve for review any challenge to the sufficiency of the evidence. See Colonial Penn Ins., 157 F.3d at 1036 n.3.

Hines's claims against all of the other captioned defendants were dismissed prior to trial for failure to exhaust administrative remedies. Because Hines has not briefed these claims on appeal, we deem them abandoned. Green v. State Bar of Texas, 27 F.3d 1083, 1089 (5th Cir. 1994); FED. R. APP. P. 28(a)(9).

The judgment of the district court is AFFIRMED. Hines's motions for appointment and for attorney's fees are DENIED.

AFFIRMED; MOTIONS DENIED.