United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 15, 2007**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 05-50637

NATHANIEL W. ELLIBEE.,

Plaintiff - Appellant,

VERSUS

MICHAEL LEONARD, ARAMARK Corp. Supervisor;
B.C. HOLMES, ARAMARK Corp. Supervisor;
LEON LEDAY, ARAMARK Corp. District Supervisor;
LIONEL JOHNSON, Deputy Warden, Limestone County Detention Center;
M. HOLMES, Chief of Security, Limestone County Detention Center;
MICHAEL SUTTON, Warden, Limestone County Detention Center

Defendants-Appellees.

Appeals from the United States District Court
For the Western District of Texas
(04-CV-125)

Before DAVIS, DENNIS and PRADO, Circuit Judges.

PER CURIAM:[1]

Plaintiff, Nathaniel Ellibee, a pro se prisoner, appeals the dismissal of his 42 U.S.C. § 1983

action for insufficiency of service of process. FED. R. CIV. P. 4(e).   Based on our conclusion that the

---

[1]     Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

district court abused its discretion by dismissing the case for failure to effect service of process, we reverse and remand for further proceedings.

I.

Nathaniel W. Ellibee, Kansas prisoner #55052, filed the present civil action pursuant to 42 U.S.C. § 1983. At the time he filed this civil action, Ellibee was in the custody of the state of Kansas but incarcerated at the Limestone County Detention Center (Limestone) in Groesbeck, Texas. Ellibee sued Michael Leonard, B.C. Holmes, and Leon LeDay, three employees of Aramark Corp. who worked or previously worked at Limestone (the Aramark defendants) as well as Limestone Assistant Warden Lionel Johnson, Limestone Chief of Security M. Holmes, and Limestone Warden Michael Sutton, three employees of CiviGenics-Texas, Inc. (the CiviGenics defendants), the private company that administered Limestone.

Ellibee moved for leave to proceed in forma pauperis (IFP) and the district court granted the motion. The magistrate judge ordered the United States Marshal (USM) to serve process upon all of the defendants as directed by Ellibee. Ellibee requested that the USM serve all of the defendants at Limestone, even though he noted on the service request forms that M. Holmes and Leonard were no longer employed at Limestone and that LeDay did not primarily work at Limestone. He further noted that the staff at Limestone would know M. Holmes's home address and that M. Holmes's mother was a local judge. He stated that the staff at Limestone would have the correct home addresses or current employment addresses for Leonard and LeDay. The USM attempted to serve the defendants by certified mail addressed to Limestone, and Cynthia Carrillo, a CiviGenics employee

2

at Limestone signed the return receipts for the certified mail service for all of the defendants on July 15, 2004.

B.C. Holmes filed an answer to Ellibee's complaint that did not raise any defense based upon insufficient service of process. The CiviGenics defendants filed a motion to dismiss Ellibee's complaint for insufficient service of process or alternatively to quash service of process pursuant to FED. R. CIV. P. 12(b)(5). The CiviGenics defendants asserted that service of process was insufficient because Carrillo did not have authority to sign for certified mail to them and had not been appointed as an authorized agent for accepting service of process for them. They further stated that an unknown CiviGenics employee had forwarded M. Holmes's summons and complaint to his mother and that M. Holmes had not appointed his mother as an authorized agent for accepting service of process.

Ellibee responded to the motion to dismiss by noting that the CiviGenics defendants did receive notice of the civil action and by arguing that he should not be held responsible for any failure of the USM to properly effectuate service. He also requested that Carrillo be investigated to determine whether she intentionally obstructed justice by signing the return receipts on behalf of the defendants without authorization. In this pleading, Ellibee pointed out that defendant B.C. Holmes filed an answer without any objection to the service of process.

Ellibee moved for a court order compelling the USM to verify that the defendants had been properly served with process. Ellibee moved for a default judgment against the CiviGenics defendants because they acknowledged that they had notice of the civil action but did not file an answer. Ellibee subsequently filed separate motions for default judgments against Leonard and LeDay. He moved for summary judgment against B.C. Holmes, arguing that B.C. Holmes's answer

did not provide evidence or argument to counter his claims, and also that B.C. Holmes failed to raise any affirmative defense.

Service of process was returned upon Leonard and LeDay unexecuted. Leonard and LeDay then filed a motion to dismiss the complaint or, alternatively, to quash service of process. B.C. Holmes filed a motion to amend his answer and an amended motion to amend his answer, both seeking to raise a defense based upon insufficient service of process.

Ellibee subsequently filed a motion requesting the court to address the service of process issue. He requested that the court either rule that service of process was sufficient or, in the alternative, order the USM to effect personal service upon the defendants.

The magistrate judge granted B.C. Holmes's motion to amend his answer. In that order, the magistrate judge noted that Ellibee had failed to properly serve the defendants and "belligerently refused to do so after becoming aware of the defects." The magistrate judge also denied Ellibee's motion for an order compelling the USM to verify that the defendants had been properly served with process, noting that while Ellibee was entitled to rely upon the USM to effect service, he was required to remedy any apparent defect in service and could not compel the USM to coach him in the proper manner of serving the defendants.

On November 1, 2004, the magistrate judge recommended that Ellibee's attempted service on all of the defendants be quashed, that Ellibee's motions for default judgment be denied, and that Ellibee's motion for summary judgment against B.C. Holmes be denied. He ruled that none of the defendants had been properly served and that Ellibee had refused to cure the defective service when notified of the problem. He instructed Ellibee to properly serve the defendants by November 26,

4

2004, and warned Ellibee that the case could be dismissed if he failed to properly serve the defendants.

Ellibee filed a timely objection to the magistrate judge's report and recommendation. In his objection, he stated that he had no ability to serve the defendants due to his incarceration and requested that the USM execute personal service on the defendants. Ellibee attached a letter he had sent to the USM on August 18, 2004, to his objection. In that letter, Ellibee questioned why the USM did not restrict delivery to the addressee only when attempting to serve the defendants by certified mail and why the USM did not use the information he gave them regarding Leonard and LeDay in order to obtain an address at which they could be served.

On March 4, 2005, the district court adopted the report and recommendation of the magistrate judge, denied Ellibee's motions for default judgment, denied Ellibee's motion for summary judgment against B.C. Holmes, and dismissed Ellibee's claims against the CiviGenics defendants without prejudice for insufficiency of service of process. It ruled that Ellibee had been notified of the defects in service of process and had refused to properly cure them despite having ample time to do so. The district court did not address whether Ellibee had properly served the Aramark defendants.

Ellibee filed a motion to alter or amend judgment pursuant to FED. R. CIV. P. 59(e) on March 16, 2005. In that motion, he objected to the dismissal of his claims against the CiviGenics defendants and requested a clarification as to which claims had not been dismissed. Ellibee stated that he had given all the information regarding the defendants that he had to the USM, had written the USM, and had filed motions with the court once he learned that there was a problem with service of process. He further noted that the USM's original returns of service for all of the defendants indicated that the defendants had been served and argued that he was entitled to rely upon this representation by the

5

USM.  The district court denied Ellibee's motion on April 1, 2005.  On April 8, 2005, Ellibee filed a notice of appeal from the district court's order denying his motion to alter or amend judgment.

The CiviGenics defendants filed a motion for entry of a final judgment regarding Ellibee's claims against them pursuant to FED. R. CIV. P. 54(b) on March 24, 2005.  On April 22, 2005, the district court granted the motion and at the court's direction, the clerk duly entered a final judgment in favor of the CiviGenics defendants on April 28, 2005.  On May 12, 2005, Ellibee filed an amended notice of appeal, seeking to appeal from the district court's order denying his motion to alter or amend judgment, the district court's order directing entry of final judgment, and "any other despositive [sic] ruling entered by the district court."

On April 20, 2005, the Aramark defendants filed a motion for reconsideration and clarification of the district court's March 4, 2005 order, requesting that the claims against them also be dismissed for insufficiency of service of process.  The district court granted the motion and ordered that the claims against all of the defendants be dismissed on May 26, 2005.  On the same day, the clerk of court duly entered a final judgment in favor of all of the defendants.  On June 8, 2005, Ellibee filed a second amended notice of appeal, seeking to appeal from "any and all dispositional orders of the district court," specifically including the May 26, 2005, order dismissing his claims against all of the defendants.

## II.

The CiviGenics defendants argue that this court does not have jurisdiction over Ellibee's appeal of the dismissal of his claims against them because he did not file a timely and proper notice of appeal from the judgment in their favor.  They assert that while Ellibee filed three notices of appeal that specifically referenced many different orders and rulings being appealed, Ellibee never specifically

6

designated that he was appealing from the April 28, 2005, judgment entered in their favor. While they acknowledge that Ellibee's second amended notice of appeal contains a provision seeking to appeal from all adverse rulings, they argue that it was not timely because it was filed more than 30 days after the judgment in their favor was entered.

A notice of appeal is required to "designate the judgment, order, or part thereof being appealed." FED. R. APP. P. 3(c)(1)(B). This requirement, however, is not jurisdictional and "a mistake in designating a judgment appealed from should not bar an appeal as long as the intent to appeal a specific judgment can be fairly inferred and the appellee is not prejudiced by the mistake." Turnbull v. United States, 929 F.2d 173, 177 (5th Cir. 1991). Such a mistake in designating the proper judgment can be corrected "by an indication of intent in the briefs or otherwise." United States v. Rochester, 898 F.2d 971, 976 n.1 (5th Cir. 1990).

On May 12, 2005, Ellibee filed an amended notice of appeal, appealing the denial of his motion to alter or amend judgment, the April 22, 2005, order directing that judgment be entered in favor of the CiviGenics defendants, and "any other despositive [sic] ruling entered by the district court." As Ellibee designated the order directing that judgment be entered in favor of the CiviGenics defendants as an order from which he was appealing, his intent to appeal the judgment in favor of the CiviGenics defendants can be easily and fairly inferred. See Turnbull, 929 F.2d at 177. The CiviGenics defendants have not argued that they suffered any prejudice from any mistake in designating the judgment and have briefed the underlying issues. Thus, Ellibee's amended notice of appeal was sufficient to appeal the judgment in favor of the CiviGenics defendants. See Turnbull, 929 F.2d at 177. While the CiviGenics defendants correctly note that Ellibee's second amended notice of appeal was not timely regarding the judgment in their favor, this is irrelevant as Ellibee's amended

7

notice of appeal was sufficient.  See id.; FED. R. APP. P. 4(a)(1)(A) (notice of appeal must be filed within 30 days of judgment).  The argument is without merit.

III.

Ellibee argues that service of process upon the CiviGenics defendants and B.C. Holmes was sufficient given the circumstances.  He asserts that these defendants each personally received a copy of the summons and complaint from a person who was not a party and was at least 18 years of age.  He maintains that Johnson, Sutton, and B.C. Holmes all were served personally by Carrillo and that M. Holmes was served by his mother.  He further contends that he sued all of the defendants in their personal and official capacities and that none of the defendants argued that service of process upon them in their official capacities was insufficient.

As the defendants were individuals within a judicial district of the United States, service upon them was governed by FED. R. CIV. P. 4(e).  Pursuant to that rule, service of process may be effected by: (1) serving the defendant pursuant to the laws of the state in which he is located, in this case Texas; (2) personal service upon the defendant; (3) leaving copies of the service documents at the defendant's residence with a person of suitable age and discretion; or (4) delivering the service documents to an agent of the defendant authorized to accept service by appointment or by law.  Id. Under Texas law, service of process may be effected by personal service upon the defendant or by mailing the service documents to the defendant by certified mail, return receipt requested.  TEX. R. CIV. P. 106(a).  If service by one of those two methods fails, Texas law allows for substituted service upon a motion supported by an affidavit by leaving a copy of the service documents at the defendant's residence or place of business or in any other manner deemed to be reasonably effective to give the defendant notice.  TEX. R. CIV. P. 106(b).  Whether service of process upon the defendants was

sufficient is an issue of law that this court reviews de novo. Maiz v. Virani, 311 F.3d 334, 338, 340 (5th Cir. 2002).

Nothing in the record indicates that service of process was effectuated upon the CiviGenics defendants or B.C. Holmes by leaving copies of the service documents at their residences with a person of suitable age and discretion. Furthermore, the CiviGenics defendants averred that Carrillo was not appointed as their agent authorized to accept service of process and Ellibee points to no evidence showing that she was an agent authorized to accept service of process for any of the defendants or that any properly authorized agent of the defendants was served with process. Additionally, the record shows that Ellibee never filed a motion for substituted service under Texas law. Thus, the only remaining issues are whether the defendants were properly served by personal service or certified mail service under Texas law. See FED. R. CIV. P. 4(e); TEX. R. CIV. P. 106(a).

Although the USM attempted to serve the defendants by certified mail, the certified mail receipts attached to the returns of service were signed by Carrillo, not the defendants. As Texas law requires a return of service to include a certified mail receipt signed by the addressee when service is effected by certified mail, none of the defendants were properly served by certified mail. See TEX. R. CIV. P. 107; Ramirez v. Consol. HGM Corp., 124 S.W.3d 914, 916 (Tex. App. - Amarillo 2004, no pet.).

Pursuant to both Texas and federal law, if a defendant is personally served, the person who serves the defendant must make a return of service verifying that the defendant was personally served. FED. R. CIV. P. 4(l); TEX. R. CIV. P. 107. While Ellibee argues that Johnson, Sutton, and B.C. Holmes were all personally served by Carrillo and that M. Holmes was personally served by his mother, there is no return of service from Carrillo or M. Holmes's mother in the record. Additionally,

9

while Ellibee argues that the CiviGenics defendants' own affidavits show that they were personally served by Carrillo or M. Holmes's mother, this is not the case; Johnson and Sutton averred that they found the service documents in their mailboxes at Limestone, and M. Holmes averred that the service documents were forwarded to him by his mother.

Ellibee's remaining arguments are also without merit. Although all of the defendants may have received notice of the civil action, actual notice is not sufficient service of process. Way v. Mueller Brass Co., 840 F.2d 303, 306 (5th Cir. 1988). Additionally, while Ellibee asserts that the defendants did not object to the sufficiency of service of process in their official capacities, the record shows that the defendants were employees of private companies, not a state or local government, so the defendants had no official capacities in which they could be sued. Ellibee has not shown that the district court erred by ruling that he had not properly effected service of process upon the CiviGenics defendants and B.C. Holmes.

IV.

For the first time on appeal, Ellibee argues that the CiviGenics defendants made a general appearance by filing a motion to revoke his IFP status, thereby waiving their insufficiency of service of process defense. Because Ellibee did not raise this argument below, this court reviews for plain error. See Tilmon v. Prator, 368 F.3d 521, 524 (5th Cir. 2004). To demonstrate plain error, Ellibee must show: "(1) that an error occurred; (2) that the error was plain, which means clear or obvious; (3) the plain error must affect substantial rights; and (4) not correcting the error would seriously affect the fairness, integrity or public reputation of judicial proceedings." Highlands Ins. Co. v. Nat'l Union Fire Ins. Co., 27 F.3d 1027, 1032 (5th Cir. 1994) (internal quotation marks and citation omitted).

10

Federal Rule of Civil Procedure 12(b) provides that jurisdictional defenses such as insufficiency of service of process are not "waived by being joined with one or more other defenses or objections in a responsive pleading or motion." The adoption of the Federal Rules of Civil Procedure thus "abrogated the long-standing waiver rule by permitting a defendant to seek affirmative relief without forfeiting an objection to jurisdiction." Bayou Steel Corp. v. M/V Amstelvoorn, 809 F.2d 1147, 1148 (5th Cir. 1987). The CiviGenics defendants raised the insufficiency of service in a motion filed before the motion to revoke Ellibee's IFP status. Accordingly, the CiviGenics defendants' motion to revoke Ellibee's IFP status did not waive their insufficiency of service of process defense and Ellibee has not shown that the district court committed error, plain or otherwise, by not ruling that the defense was waived.

V.

Ellibee also argues that B.C. Holmes waived his insufficiency of service of process defense because his initial answer to the complaint did not raise the defense. A party waives a defense based upon insufficiency of service of process if the defense "is neither made by motion under [FED. R. CIV. P. 12] nor included in a responsive pleading or an amendment thereof permitted by Rule 15(a) to be made as a matter of course." FED. R. CIV. P. 12(h)(1). B.C. Holmes's initial answer did not raise the defense of insufficiency of service of process and he did not raise the defense in a pre-answer motion. Thus, B.C. Holmes waived the defense unless the amendment to his answer, in which he first raised the defense, was permitted as a matter of course under FED. R. CIV. P. 15(a). See FED. R. CIV. P. 12(h)(1).

One amendment to a pleading is allowed as a matter of course "at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted

and the action has not been placed upon the trial calendar, the party may so amend it at any time within 20 days after it is served." FED. R. CIV. P. 15(a). B.C. Holmes's answer was a pleading to which no responsive pleading was permitted, see FED. R. CIV. P. 7(a), so he had 20 days to amend the answer as a matter of course. See FED. R. CIV. P. 15(a). B.C. Holmes's initial answer was filed on August 13, 2004, and he first moved to amend it on September 27, 2004, far more than 20 days later. Accordingly, as the magistrate judge acknowledged, the amendment to B.C. Holmes's answer was not an amendment permitted as a matter of course. See FED. R. CIV. P. 15(a). As B.C. Holmes did not raise his insufficiency of service of process defense in a pre-answer motion, in his original answer, or in an amendment to his answer allowed as a matter of course, he waived the defense. See FED. R. CIV. P. 12(h)(1); Kersh v. Derozier, 851 F.2d 1509, 1511-12 (5th Cir. 1988). Accordingly, the district court erred by failing to rule that B.C. Holmes had waived his insufficiency of service of process defense. See Kersh, 851 F.2d at 1511-12.

## VI.

Ellibee argues that the district court abused its discretion by dismissing his civil action for insufficiency of service of process.[2] He asserts that as a pro se prisoner proceeding IFP, he was entitled to rely upon the USM to effect service of process and that he provided the USM with sufficient information to serve the defendants. He further maintains that the district court erroneously concluded that he had done nothing to correct the insufficient service of process when he had done

---

[2] Ellibee styles this argument in numerous ways. To the extent that Ellibee separately argues that the USM was in contempt, that he was denied access to the courts, or that the clerk of the district court should be sanctioned in some way, these claims are raised for the first time on appeal and have no basis in the record. Furthermore, as these arguments require the resolution of factual issues, Ellibee cannot show plain error. See Robertson v. Plano City, 70 F.3d 21, 23 (5th Cir. 1995).

everything that he could to serve the defendants. This court reviews a dismissal for insufficiency of service of process for an abuse of discretion. Lindsey v. U.S. R.R. Ret. Bd., 101 F.3d 444, 445 (5th Cir. 1996).

A plaintiff proceeding IFP "is entitled to rely upon service by the U.S. Marshals and should not be penalized for failure of the Marshal's Service to properly effect service of process, where such failure is through no fault of the litigant." Rochon v. Dawson, 828 F.2d 1107, 1110 (5th Cir. 1987). Nevertheless, once such a plaintiff is aware of possible defects in service of process, he must attempt to remedy them. Id.

In Rochon, this court upheld the dismissal of the plaintiff's case for failure to effect service of process because the plaintiff did not request that the USM serve the proper defendant after he became aware that the first attempt at service was unsuccessful. Id. Because the plaintiff did not attempt to remedy the problem with service of process, this court concluded that his case was dismissed because of his failure to prosecute not because of the failure of the USM to properly effect service of process and upheld the dismissal. Id.

In Lindsey, the other main case in this circuit on this issue, the court reached the opposite conclusion. Lindsey, 101 F.3d at 446-48. In that case, the district court did not provide the plaintiff with summons forms and never appointed the USM, or anyone else, to serve process for the plaintiff, who was a pro se prisoner proceeding IFP. Id. at 445-46. Although the plaintiff did not provide the proper service addresses for all of the defendants in his complaint, the court found that this defect was not fatal and that the district court had abused its discretion by dismissing the case because the plaintiff had diligently attempted to serve the defendants and the district court had not appointed the USM to effect service of process. Id. at 447-48.

13

In the present case, the district court found that Ellibee, upon being made aware of the defects in service of process, had not attempted to remedy the situation and instead had argued that service of process was sufficient. It concluded that Ellibee, like the plaintiff in Rochon, was to blame for the failure to effect service of process and dismissed the case.

The record does not support the findings of the district court. Although Ellibee did argue that service of process was sufficient, the record also shows that Ellibee sent a letter to the USM questioning whether the attempt at service was sufficient and filed numerous documents with the court which could be reasonably construed as requesting the court to order the USM to serve the defendants by personal service. Additionally, when the USM attempted to serve the defendants via certified mail, the certified mail was not restricted to receipt by the addressee only, a failure that Ellibee did point out to the USM. While the district court faulted Ellibee for instructing the USM to serve the defendants at their place of business, it is unclear how Ellibee could have obtained the defendants' residence addresses given that he was a prisoner and they were prison employees.

On these particular facts, we find that the district court erred in dismissing Ellibee's case for insufficiency of service of process.

## VII.

For the foregoing reasons, the judgment of dismissal is reversed and this case remanded to the district court for further proceedings. The district court should direct the USM to use due diligence to obtain personal addresses for the defendants and serve the individuals at those addresses. REVERSED and REMANDED.

14