# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 22, 2010

No. 10-60276
Summary Calendar

Lyle W. Cayce
Clerk

DEON SCOTT BALLARD,

Plaintiff-Appellant,

v.

CONNIE PIERCE; DEBRA PLATT; RONALD KING; CHRISTOPHER B. EPPS;
L. SINGLETON, Pin # 357175; TRACEY L. SANDERS,

Defendants-Appellees.

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 2:10-CV-1

Before KING, BENAVIDES, and ELROD, Circuit Judges:

PER CURIAM:[*]

Proceeding *pro se*, Deon Scott Ballard, Mississippi prisoner # 144373,
appeals the dismissal of his 42 U.S.C. § 1983 complaint for failure to state a
claim under 28 U.S.C. § 1915(e)(2)(B)(ii).   Ballard's motion to amend his
appellate brief is GRANTED.

In his complaint, Ballard alleges that prison officials violated state
correctional rules and prison policies by requiring him to work in the prison's

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5th Cir.
R. 47.5.4.

dining hall without his consent in violation of the Due Process Clause and the Thirteenth Amendment. After he refused to report to work, he alleges, he was found guilty of failing to carry out a work assignment in several disciplinary actions and sentenced each time to 30 days without telephone, visitation, and store privileges. He argues that prison regulations and state law created a protected liberty interest in being free from involuntary work assignment and that he was wrongfully disciplined for refusing to comply with the assignment. He also argues that the prison investigator was biased, the investigation was inadequate under prison regulations, the adjudicator was biased, no evidence supported the finding of guilt, the adjudicator failed to provide adequate reasons for the guilty finding, and his prison appeal was mishandled.

We review a dismissal under § 1915(e)(2)(B)(ii) *de novo*. *Samford v. Dretke*, 562 F.3d 674, 678 (5th Cir. 2009). Punishments such as the temporary loss of telephone, visitation, and commissary privileges at issue here do not "present the type of atypical, significant deprivation in which a State might conceivably create a liberty interest" and do not implicate due process concerns. *See Sandin v. Conner*, 515 U.S. 472, 486 (1995); *see also Tilmon v. Prator*, 368 F.3d 521, 522, 524 (5th Cir. 2004); *Martin v. Scott*, 156 F.3d 578, 579 n.1, 580 (5th Cir. 1998). The alleged violations of state law and prison policy arising from Ballard's work assignment and disciplinary proceedings, even if true, likewise fail to state a claim for relief under § 1983. *See Calhoun v. Hargrove*, 312 F.3d 730, 734 (5th Cir. 2002). Finally, Ballard fails to state a claim under § 1983 for a violation of the Thirteenth Amendment because he does not challenge the validity of his conviction or allege facts that amount to unconstitutional involuntary servitude. *See* U.S. Const. amend. XIII, § 1; *Williams v. Henagan*, 595 F.3d 610, 621-22 (5th Cir. 2010).

The instant appeal is without arguable merit and therefore frivolous. *See Samford*, 562 F.3d at 678. Accordingly, it is dismissed. *See* 5th Cir. R. 42.2. The dismissal of this appeal and the district court's dismissal of Ballard's

complaint each count as a strike for purposes of § 1915(g).  We caution Ballard that, once he accumulates three strikes, he may not proceed *in forma pauperis* in any civil action or appeal filed while he is incarcerated or detained in any facility, unless he is under imminent danger of serious physical injury.  *See* § 1915(g); *Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996).

APPEAL DISMISSED AS FRIVOLOUS; SANCTION WARNING ISSUED.