# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
February 14, 2013

Lyle W. Cayce
Clerk

No. 12-30321
Summary Calendar

DANNIE RAY HAYWARD, SR.,

Plaintiff-Appellant

v.

FORCHT WADE CORRECTIONAL CENTER; COLT PARMER; DENNIS
RICHARDSON; CORODNEY SPECKS; CLARENCE WASHINGTON; JAMES
LEBLANC, Secretary Department of Corrections; ANTHONY BATSON, Deputy
Warden; DOCTOR SUSAN TUCKER; WAYNE MILLUS,

Defendants-Appellees

Appeals from the United States District Court
for the Western District of Louisiana
USDC No. 5:08-CV-1019

Before STEWART, Chief Judge, and OWEN and GRAVES, Circuit Judges.

PER CURIAM:[*]

Dannie Ray Hayward, Sr., former Louisiana prisoner # 301013, appeals
the grant of summary judgment to the defendants and appeals the dismissal of
his 42 U.S.C. § 1983 complaint. In his complaint, Hayward alleged violations of
his civil rights relating to the medical care he received and retaliation by staff
while he was housed in the Forcht Wade Correctional Center. The district court

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

determined that Hayward failed to exhaust his administrative remedies, denied Hayward's motion for summary judgment, granted the defendants' cross-motion for summary judgment, and dismissed Hayward's complaint.

We review the grant of a motion for summary judgment de novo. *Dillon v. Rogers*, 596 F.3d 260, 266 (5th Cir. 2010).  However, Hayward's arguments regarding the sole issue on appeal, the administrative exhaustion of his claims, are minimal and entirely conclusory, without any citation to the record or any law.  Although we apply less stringent standards to parties proceeding pro se than to counsel-represented parties and liberally construe briefs of pro se litigants, pro se parties must still brief the issues.  *Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993).  The appellant's brief must contain an argument, which in turn must contain his "contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies."  FED. R. APP. P. 28(a)(9); *see Yohey*, 985 F.2d at 225.  Because Hayward has not briefed an argument as to the district court's reason for dismissing his complaint, he has abandoned the issue on appeal.  See *Geiger v. Jowers*, 404 F.3d 371, 373 n.6 (5th Cir. 2005).

Hayward has similarly abandoned a challenge, by failing to brief the issue, to the district court's decision to strike his motion to amend his complaint to add new claims against new defendants at Dixon Correctional Center.  *See Geiger*, 404 F.3d at 373 n.6.

To the extent that the defendants assert that Dennis Richardson is not a proper party to this appeal, although he moved, with the other defendants through the same counsel, for summary judgment, the assertion is without merit.  *See* FED. R. CIV. PROC. 5(b)(1), LA. REV. STAT. ANN. § 13:5108.1 (2008); *Ellibee v. Leonard*, 226 F. App'x 351, 357-58 (5th Cir. 2007).

The judgment of the district court granting summary judgment to all of the defendants and dismissing Hayward's complaint is AFFIRMED.