# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-20784
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
July 5, 2018

Lyle W. Cayce
Clerk

CURTIS LASATER,

Plaintiff-Appellant

v.

WARDEN HERRERA; WARDEN BILLNOSKI; CAPTAIN MARSHALL; MAJOR MCCLARRIN; SERGEANT WHITTENBURGH; SERGEANT PARKER,

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:16-CV-476

Before DAVIS, COSTA, and ENGELHARDT, Circuit Judges.

PER CURIAM:[*]

Proceeding pro se and in forma pauperis (IFP), Curtis Lasater, Texas prisoner # 1584341, appeals the dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) of his 42 U.S.C. § 1983 complaint for failure to state a claim. He also moves for the appointment of counsel to represent him on appeal.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-20784

Lasater alleged in the district court that prison officials wrote him a false disciplinary report for possession of tobacco and violated his due process rights by destroying the physical evidence prior to his hearing and by not allowing witness testimony in support of his defense. Lasater was found guilty, and, as punishment, he lost 45 days of recreation privileges, 45 days of commissary privileges, and 45 days of access to the offender telephone system, and his line class status was reduced from S3 to L1.

We review a dismissal under § 1915(e)(2)(B)(ii) de novo. *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999). Punishments such as those imposed in this case do not "present the type of atypical, significant deprivation in which a State might conceivably create a liberty interest" and do not implicate due process concerns. *See Sandin v. Conner*, 515 U.S. 472, 486 (1995); *see also Tilmon v. Prator*, 368 F.3d 521, 522, 524 (5th Cir. 2004); *Malchi v. Thaler*, 211 F.3d 953, 958-59 (5th Cir. 2000); *Martin v. Scott*, 156 F.3d 578, 579 n.1, 580 (5th Cir. 1998).

This case does not present exceptional circumstances requiring the appointment of counsel, *see Ulmer v. Chancellor*, 691 F.2d 209, 212 (5th Cir. 1982), and Lasater's motion for counsel is denied. The judgment of the district court is AFFIRMED.