# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
June 11, 2024

Lyle W. Cayce
Clerk

No. 23-50783

GREGORY D. DIXON, II,

*Plaintiff—Appellant*,

*versus*

TESLA MOTORS, INCORPORATED,

*Defendant—Appellee*.

_____

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:23-CV-326

_____

Before SMITH, HAYNES, and DOUGLAS, *Circuit Judges*.

PER CURIAM:[*]

Gregory D. Dixon, II, proceeding pro se, voluntarily dismissed his complaint, stating that he had entered an agreement to resolve his initial dispute with Tesla Motors, Incorporated. Then, Dixon moved to reinstate the case. Dixon also moved to file an amended complaint. Because the district court concluded that Dixon failed to properly serve Tesla with either of his

_____

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

motions—after being granted multiple opportunities to do so—the district court denied Dixon's motions. This appeal followed.

The denial of a motion to reinstate a case is reviewed for abuse of discretion. *Barrs v. Sullivan*, 906 F.2d 120, 121 (5th Cir. 1990) (per curiam). The district court's denial of leave to amend a complaint is similarly reviewed for abuse of discretion. *Mayeaux v. La. Health Serv. & Indem. Co.*, 376 F.3d 420, 425 (5th Cir. 2004). Because Dixon filed his motions more than twenty-eight days after he voluntarily dismissed his case, we treat it as a motion under Rule 60(b) of the Federal Rules of Civil Procedure. *Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 n.2 (5th Cir. 2012).

Dixon filed four repeated motions to reinstate his case and amend his complaint. The district court ordered Dixon to serve Tesla with a copy of his motions in a manner that satisfied "federal or state service requirements" by August 24, 2023.[1] Following that deadline, the district court stated that Dixon's certificates of service "indicate that Dixon has failed to properly serve Tesla according to the Texas Rules of Civil Procedure *and this Court's orders*." As a result, the district court denied Dixon's motions.

Dixon contends that he is entitled to relief because it was not clear to him whether the service of his motions should have complied with federal or state procedural rules. Specifically, he argues that the district court should have granted his motions because he purportedly demonstrated that he complied with the federal rules. Based on the record, it is not clear that Dixon's certificates of service comport with the federal or state rules. For

---

[1] *See* Fed. R. Civ. P. 5(a)(1)(D); Tex. R. Civ. P. 106(a)(2) (requiring service by "registered or certified mail."). "Under Texas law, service of process may be effected by personal service upon the defendant or by mailing the service documents to the defendant by certified mail, return receipt requested." *Ellibee v. Leonard*, 226 F. App'x 351, 356 (5th Cir. 2007).

No. 23-50783

example, Dixon provided the district court with UPS tracking notices stating that his motions were delivered to Austin, Texas, but none of those notices indicated a delivery address. However, there was a delivery address to Tesla's Corporate Secretary in Austin, Texas on Dixon's shipment receipt. Nonetheless, the district court purportedly denied Dixon's motion because he "repeatedly filed new motions that also fail to comply with the Texas Rules of Civil Procedure." The district court may have had other reasons for its decision,[2] but its' order denying Dixon's motions is unclear as it relates to the application of federal or state procedural rules. Further, the district court's order does not clarify what was required for proper service.

Given the lack of clarity in the record, the district court's judgment is VACATED and REMANDED for the purpose of examining and explaining whether it denied Dixon's motions for lack of compliance with the Federal Rules of Civil Procedure.

---

[2] *See Wolf v. City of Port Arthur*, No. 23-40528, 2024 WL 1504341, at *1 n.6 (5th Cir. Apr. 8, 2024) (per curiam); *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 357 (5th Cir. 1993) (refusing to grant relief under Rule 60(b)(6) "for the purpose of relieving a party from free, calculated, and deliberate choices he has made").