# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
January 7, 2025

Lyle W. Cayce
Clerk

———————

No. 22-40827

———————

Edward Hill,

*Plaintiff—Appellant*,

*versus*

Ederya Hall; Racheal Richards; Gary Curry,

*Defendants—Appellees*.

———————————————————

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 9:19-CV-150

———————————————————

Before Jones and Oldham, *Circuit Judges*, and Hendrix, *District Judge*.[*]

Per Curiam:[†]

Edward Hill, Texas Inmate No. 938741, brought section 1983 claims against prison officials Ederya Hall, Racheal Richards, and Gary Curry, stemming from a search of his cell, damage to his property, and a disciplinary

———————————————

[*] United States District Judge for the Northern District of Texas, sitting by designation.

[†] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 22-40827

hearing.  The district court dismissed his claims against Hall for failure to serve process, dismissed those against Curry as failing to state a claim, and granted summary judgment in favor of Richards.  Because the dismissal for failure to serve Hall was supported by the record and because all Hill's other arguments were abandoned, we AFFIRM.

## BACKGROUND

In January 2018, Hill filed a grievance against Officer Hall.  He alleges that Hall then spoke to Sergeant Richards, complaining about the grievance and accusing Hill of masturbating on her, after which they retaliated against him by searching his cell and damaging his fan and mirror.  At a disciplinary hearing for the masturbation incident, Hill claims that Captain Curry failed to produce Hill's requested evidence or call his desired witnesses.

In August 2019, Hill filed suit *pro se* and *in forma pauperis* against Hall, Richards, and Curry.  After screening, the magistrate judge ordered service in December 2021.  Hill promptly served Richards, who provided last known addresses for Hall and Curry.  Curry's summons was executed on the second attempt in August 2022.  Meanwhile, Hall's summons was reported executed in March 2022, but it was deemed unexecuted in April because it returned without Hall's signature.  The magistrate judge then twice ordered Hill to supply a new address for Hall, warning of dismissal for failure to serve pursuant to Federal Rule of Civil Procedure 4(m).  Finally, the magistrate judge ordered the U.S. Marshal to attempt to personally serve Hall, but that attempt failed, and the process server indicated that Hall was no longer located at her last known address.

Believing that the first summons was received by Hall, Hill moved for default judgment in October 2022.  The same month, the magistrate judge recommended that the motion be denied because Hall was never served and ordered Hill to provide a new address for Hall within twenty days or risk

2

dismissal. Hill responded by moving for substituted service under Texas law, contending that Hall willfully evaded service. In December 2022, the district court denied Hill's motion for substituted service and adopted the magistrate judge's recommendation, denying the motion for default judgment. It then dismissed the claims against Hall without prejudice pursuant to Rule 4(m).

Liberally construing the complaint as to the remaining defendants, Hill alleged that Curry violated his due process rights by failing to produce the evidence or witnesses that Hill requested for his hearing. As for Richards, Hill alleged that she searched his cell and damaged his property in violation of the Fourth, Eighth, and Fourteenth Amendments and that she was retaliating against him for his grievance against Hall. Curry failed to respond, and Hill moved for default judgment. Richards responded by moving for summary judgment. In March 2023, the district court, accepting the magistrate judge's recommendations, dismissed Hill's claims against Curry for failing to state a claim and granted Richards's summary judgment motion. Hill filed a Rule 59(e) motion, which the district court denied, and Hill appealed.

## DISCUSSION

On appeal, Hill only addresses the Rule 4(m) dismissal of his claims against Hall and his retaliation claim against Richards. All his claims against Curry and his non-retaliation claims against Richards are therefore abandoned. *Geiger v. Jowers*, 404 F.3d 371, 373 & n.6 (5th Cir. 2005). Hill also abandoned his retaliation claim against Richards "by failing to adequately brief the argument on appeal." *Rollins v. Home Depot USA*, 8 F.4th 393, 397 (5th Cir. 2021). "To be adequate, a brief must address the district court's analysis and explain how it erred." *SEC v. Hallam*, 42 F.4th 316, 327 (5th Cir. 2022) (quotation marks and citations omitted). The district court concluded that Hill failed to establish that Richards's actions were

caused by his grievance because he relied only on his personal belief that the officers were retaliating. Hill abandoned the claim on appeal by "merely reiterating his version of the facts" without explaining how the district court erred. *Talarico v. Johnson*, No. 23-20176, 2024 WL 939738, at *4 (5th Cir. Mar. 5, 2024).

The only remaining issue is the dismissal of Hill's claims against Hall. This court typically reviews Rule 4(m) dismissals without prejudice for abuse of discretion. *Lindsey v. U.S. R.R. Ret. Bd.*, 101 F.3d 444, 445 (5th Cir. 1996). But where, as here,[1] a dismissal without prejudice "bars future litigation" because the limitations period is expired, we instead apply the heightened standard for dismissals with prejudice. *Millan v. USAA Gen. Indem. Co.*, 546 F.3d 321, 326 (5th Cir. 2008). Dismissal is permitted under that standard where "(1) there is a clear record of delay or contumacious conduct by the plaintiff, and (2) lesser sanctions would not serve the best interests of justice." *Coleman v. Sweetin*, 745 F.3d 756, 766 (5th Cir. 2014) (citation omitted). "To warrant dismissal, we must find a delay longer than just a few months; instead, the delay must be characterized by significant periods of total inactivity." *Thrasher v. City of Amarillo*, 709 F.3d 509, 513 (5th Cir. 2013) (quotation marks and citations omitted). When affirming under this standard, this court "has generally found at least one of three aggravating factors: (1) delay caused by [the] plaintiff himself and not his attorney; (2) actual prejudice to the defendant; or (3) delay caused by intentional conduct." *Millan*, 546 F.3d at 326 (quotation marks and citation omitted) (alteration in original).

---

[1] For section 1983 actions in Texas, the limitations period is two years. *Salas v. City of Galena Park*, No. 24-20034, 2024 WL 4719613, at *3 (5th Cir. Nov. 8, 2024). Dismissing without prejudice bars Hill's claims against Hall because they accrued in January 2018.

No. 22-40827

After filing suit in August 2019, Hill never served Hall before the December 2022 dismissal. Nor did he do so during the nearly year-long period after the magistrate judge's first order to serve in December 2021. While Hill was "entitled to rely upon service by the U.S. Marshals" because he was proceeding *in forma pauperis*, he was required to "attempt to remedy any apparent service defects of which [he] ha[d] knowledge." *Rochon v. Dawson*, 828 F.2d 1107, 1110 (5th Cir. 1987). The service failure was apparent in April 2022 when the summons was deemed unexecuted. Still, Hill never complied with numerous court orders over the following months to provide a new address for Hall. *Thrasher*, 709 F.3d at 513–14 (months-long, unexplained delay warrants dismissal). Hill cites *Ellibee v. Leonard* for the proposition that the Marshals must search for Hall's personal address. 226 F. App'x 351, 359 (5th Cir. 2007). In *Ellibee*, the district court never ordered personal service even though the plaintiff provided the defendants' current business addresses from which the Marshals could "use due diligence to obtain [their] personal addresses." *Id.* Not so here: Hill provided no current personal or business address for Hall, and the court did order personal service at her last known address.

"We cannot say that lesser sanctions would better serve the interests of justice" because Hill's proceeding *in forma pauperis* made monetary sanctions "fruitless," Hill "was given multiple chances to serve," and the district court "warned [him] that his suit would be dismissed if he did not show good cause." *Thrasher*, 709 F.3d at 514. Finally, Hill himself caused the delay because a *pro se* litigant's "failure to effect timely service cannot be attributed to his attorney's inaction." *Id.* Accordingly, dismissal was appropriate.

For the foregoing reasons, we AFFIRM.