# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

April 29, 2025

Lyle W. Cayce
Clerk

————————

No. 24-30436

————————

Kelvin Wells,

*Plaintiff—Appellant*,

*versus*

Department of Children & Family Services; D. Bentley,

*Defendants—Appellees*.

_____

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:23-CV-354

_____

Before Smith, Graves, and Duncan, *Circuit Judges*.

Per Curiam:[*]

Kelvin Wells appeals the dismissal of his equal protection and due process claims against a Louisiana agency and its employee. We affirm.

I

On May 9, 2023, Wells sued a state agency, the Louisiana Department of Children and Family Services (DCFS), and one of its employees, Daletria Bentley, for allegedly violating his due process and equal protection rights.

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

Specifically, Wells alleged DCFS froze and seized his veteran disability payments without due process.

Wells failed to file proof of service in the record. As a result, on August 23, 2023, the district court required Wells to show cause "on or before September 18, 2023, . . . why the claim against defendants should not be dismissed[.]" Wells responded by filing an affidavit from a private process server showing he had served DCFS. He provided no proof he had served Bentley, however.

On October 2, 2023, Wells moved for summary judgment. On October 31, DCFS moved to dismiss. Among other things, it argued that Wells' claims were barred by the Eleventh Amendment and that he failed to state a due process or equal protection claim.

A magistrate judge recommended dismissing Wells's claims against DCFS as barred by the Eleventh Amendment because DCFS is an arm of the state. The magistrate judge also recommended dismissing his claims against Bentley for failure to serve. Finally, the magistrate judge recommended denying Wells' summary judgment motion as moot.

The district court adopted the magistrate judge's recommendations and dismissed Wells' claims. In an accompanying opinion, the court added that Wells had failed to allege any plausible due process or equal protection claims beyond the bare fact that DCFS had frozen and seized his assets.

Wells timely appealed.

## II

We review a dismissal for insufficient service for abuse of discretion. *Ellibee v. Leonard*, 226 F. App'x 351, 358 (5th Cir. 2007). We review *de novo* a Rule 12(b)(1) dismissal for lack of jurisdiction and a Rule 12(b)(6) dismissal for failure to state a claim. *Benton v. U.S.*, 960 F.2d 19, 21 (5th Cir. 1992).

No. 24-30436

## III

### A

Wells first argues that he did serve Bentley and that the district court erred in dismissing his claims against her on that basis. We disagree. Wells provided no proof that he served Bentley within 90 days after filing his complaint nor within the extra time the district court gave him. Nor did Wells show good cause for his failure.

As the district court explained, the federal rules of civil procedure required dismissing Wells' claims. The applicable rule provides:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

FED. R. CIV. P. 4(m).

Wells identifies no error in the district court's ruling. In passing, he claims it was unconstitutional to dismiss his case for insufficient service. To support that argument, however, he cites only an inapposite state court decision. *See Pope v. State*, 99-2559 (La. 6/29/01), 792 So.2d 713 (holding that a state statute violated the state constitution because it prevented state trial courts from exercising original jurisdiction).

### B

Wells next argues the district court erred by dismissing his claims against DCFS under the Eleventh Amendment. We again disagree.

3

No. 24-30436

"The Eleventh Amendment bars citizens of a state from suing their own state or another state in federal court, unless the state has waived its sovereign immunity or Congress has expressly abrogated it." *Raj v. Louisiana State University*, 714 F.3d 322, 328 (5th Cir. 2013) (citing U.S. Const. amend. XI; *Hans v. Louisiana*, 134 U.S. 1, 11 (1890)). This bar extends to suits against an "arm of the state." *Ibid.* (citing *Richardson v. S. Univ.*, 118 F.3d 450, 450 (5th Cir. 1997)).

The magistrate judge, whose recommendation the district court adopted, held that DCFS is a Louisiana agency and therefore qualifies as an arm of the state for Eleventh Amendment purposes. *See, e.g.*, La. Rev. Stat. § 36:471 (creating DCFS); *see also Family Values Res. Inst. v. Louisiana through Dep't of Children & Fam. Servs.*, CA 21-415 (M.D. La. 1/14/22), 2022 WL 141776, at *4 (holding DCFS is an arm of the state for purposes of the Eleventh Amendment and 42 U.S.C. § 1983). On appeal, Wells offers no argument on this point and has therefore forfeited the issue. *United States v. Quintanilla*, 114 F.4th 453, 471 (5th Cir. 2024).

C

Finally, to the extent Wells challenges the district court's ruling that he failed to state an equal protection or due process claim, that argument fails. As the district court explained, Wells alleged no facts plausibly supporting those claims.

AFFIRMED.